Simpson Centenary College v. Bryan.

AFFIRMED.

*1. APPEAL: dismissal.*

---

## SIMPSON CENTENARY COLLEGE v. BRYAN.

I.   PER BECK, J., ROTHROCK, CH. J., CONCURRING.

1. **Pleading: DEMURRER: MORE SPECIFIC STATEMENT.** Where, in an action on a promissory note, the defendant pleads want of consideration, without stating the facts upon which the defense is based, the answer is assailable, not by demurrer, but by motion for more specific statement.

2. **Promissory Note: CONSIDERATION: ORAL AGREEMENT.** A contemporaneous oral agreement may be the consideration for a promissory note, and a failure to perform the agreement will constitute a failure of the consideration of the note.

3. **Corporation: POWERS.** Where the articles of a corporation do not clothe it with power to raise and control funds for a specified purpose, it has no authority to take a note executed to promote such a purpose, and the collection of such a note cannot be enforced by the corporation.

II. PER ADAMS, J., SEEVERS AND DAY, JJ., CONCURRING.

4. **Promissory Note:** CONSIDERATION. A note executed to an educational institution as a gift, upon the strength of which it has assumed responsibilities and incurred liabilities, is not without consideration.

5. ——: ——. An agreement, made at the time of the execution of the note, that the fund in favor of which it was executed should not be diminished, cannot be regarded as constituting the consideration for the note.

6. **Corporation:** POWERS. The fact that plaintiff's articles of incorporation did not authorize it to raise an endowment fund, should not be regarded as a prohibition upon the raising of such a fund.

*Appeal from Warren Circuit Court.*

FRIDAY, DECEMBER 13.

THIS is an action on a promissory note executed by defendant, as follows:

"ENDOWMENT NOTE.

"SIMPSON CENTENARY COLLEGE,

"$500.        INDIANOLA, IOWA, January 1, 1869.

"Five years after date I promise to pay to Simpson Centenary College five hundred dollars, for value received, with eight per cent interest, payable at the office of the treasurer of said college on the 1st day of January and July of each year."

The petition alleges that the note was given by the defendant to the plaintiff for the support of its endowment fund, and that plaintiff, relying upon the payment of said note, principal and interest, has assumed responsibilities and incurred liabilities, and the same have been incurred and assumed in consequence of the giving of said note.

The answer denies that the defendant is indebted to the plaintiff on the cause of action set out in the plaintiff's petition. For further answer the defendant says:

"1. That it is true, as stated in the petition, that he exe-cuted the note set out therein, but that plaintiff ought not to

recover against him thereon because the same is without consideration; that said note was executed as the evidence of a promise made by the defendant to the plaintiff that he would make it a gift of five hundred dollars in five years thereafter, and for no other purpose whatever; and that the defendant never received any consideration for said promise and note, either directly or indirectly, and that the same are entirely without consideration and void.

"2.   That on or about the 1st day of January, 1869, the defendant promised that in five years thereafter he would make a gift to the plaintiff of five hundred dollars, and as evidence of such a promise, and for no other purpose, he executed the note sued on; that when said promise was made, and said note executed, the plaintiff had erected a college building, and was maintaining a college therein, in Indianola, Iowa, for the purpose of teaching the ordinary academic studies usually taught in such institutions; that said promise was made by defendant and accepted by the plaintiff on terms and conditions that said gift, when made, should go into and constitute a permanent fund for the endowment of said college as then constituted and organized, and for no other purpose, and that the same, together with all similar donations theretofore made or thereafter to be obtained, should never be expended, nor the aggregate sum thereof lessened; that said promise was made and said note executed with the understanding by the plaintiff and defendant, and on the condition, that said gift promised by defendant, and all funds and donations then held by the plaintiff, or thereafter to be acquired by it for the purposes aforesaid, should be used exclusively in the manner and for the purposes aforesaid; that when defendant promised said gift the plaintiff had a large amount of similar promises and funds, and thereafter acquired large amounts, and in direct violation of said understanding, conditions and purposes the plaintiff, since the execution of said note, has expended large amounts of said permanent endowment fund for unlawful purposes, and has greatly reduced the

aggregate sum thereof, and has established and is now maintaining in Des Moines, Iowa, a law department of its said college; that in establishing and maintaining said law department the plaintiff has wrongfully expended large sums of money, given to it as aforesaid and for the purposes aforesaid, and has contracted debts and incurred liabilities to be paid out of said funds contrary to the understanding, conditions and purposes aforesaid, upon which said defendant made said promise; that by reason of the premises aforesaid the defendant is released from his said promise, and the same and the said note are void and without consideration; denies each and every other allegation in said petition."

Afterward the defendant filed an amendment to his answer, reaffirming the first division thereof, and in addition thereto alleges "that the plaintiff's articles of incorporation do not authorize it to raise or in any manner control or manage a fund such as said note was given to raise."

The defendant reaffirmed all of the second division of his answer, and, in addition thereto, says "that the plaintiff, by its articles of incorporation, is not authorized to raise, manage or control such fund, and the plaintiff cannot be compelled to take charge of or manage said fund."

The plaintiff demurred to the first and second counts of this answer, and the amendments thereto. The demurrer was sustained. The defendant failed to plead over, and elected to stand on his answer, and the court rendered judgment for the plaintiff in the sum of seven hundred and sixty-five dollars and nineteen cents. The defendant appeals.

*Bryan & Seevers*, for appellant.

*Henderson & Berry*, for appellee.

BECK, J.—I. An opinion was heretofore filed in this case affirming the judgment of the Circuit Court. Thereupon defendant filed a petition for rehearing, which was allowed, and the cause was again argued and submitted to the court.

Upon a careful reconsideration of the whole case we are satisfied that the conclusions announced in our former opinion are incorrect, and that the judgment of the Circuit Court ought to be reversed. We have no apologies to make for changing our conclusion, as we hold ourselves always ready to do so upon a rehearing whenever we discover that we were in error, and are happy to be able to avert any wrong that would have resulted from our failure to correctly apply the law.

II. The petition alleges that plaintiff assumed responsibilities and incurred liabilities in consequence of the execution of the note in suit. The consideration of the instrument is thus shown by the petition. It has been held that a contract of this kind may be supported upon such consideration. An authority cited and relied upon by defendant is to this effect. The answer in the first count alleges that the note in suit was given without consideration, but does not set up the fact upon which the allegation is based. The want of consideration is a proper defense, and, when properly made, puts in issue the consideration alleged expressly or impliedly in the petition. This defense is set up in the second count of the answer. If it is not sufficiently set up, and the facts upon which the defense is based should have been pleaded, the count of the answer should have been assailed by motion under Code, § 2720, and a more specific statement of the defense should have been required.

1. PLEADING demurrer: more specific statement.

III. The second count of the answer sets up that the note in suit was executed by defendant and accepted by plaintiff upon the agreement of plaintiff to perform certain conditions expressed in the answer constituting the consideration of the note, which has been violated and disregarded by plaintiff. This surely is a good defense. The note cannot be enforced if the agreement of the plaintiff upon which its consideration is based has been violated by the payee. If the defendant's note was given as a part of a

2. PROMISSORY note: consideration: oral agreement.

particular fund, the amount of which plaintiff agreed with defendant should never be diminished, and it was to be used for specified objects, and this agreement was the consideration for the note, it cannot be doubted that an appropriation of such fund to other objects, and its use so as to diminish its amount, would constitute a defense to the enforcement of the note. If the defense was insufficiently stated, the defect should have been pointed out by motion for a more specific statement.

As this is a point of contest it may be admissible to attempt to make plainer that which is so very clear. The consideration for the note is found in an agreement of plaintiff to perform certain acts; to preserve undiminished and apply to its proper purpose the endowment fund. The failure to perform this agreement constitutes a failure of the consideration of the note. This consideration may be shown by parol testimony without violation of the rule which declares that evidence of that character is inadmissible to change or vary a written instrument. The consideration of a written contract may be shown by parol. If that consideration is found in an unwritten agreement it may be proved by oral testimony. It is the case of two contracts—one written, the other parol. The last, being the consideration of the first, may be shown upon an issue involving such consideration.

*Atherton v. Dearmond*, 33 Iowa, 353, is not in conflict with the foregoing views. In that case evidence of an oral contemporaneous agreement, varying the amount recoverable and making it contingent, was held inadmissible in an action upon a note. In that case we used this language: "But in the case before us the contemporaneous contract set out in the answer reaches further than to create or specify a consideration upon which the note is based. It directly alters the terms of the contract embodied in the note, and annuls in part its obligations. In the note the defendants are bound to pay a sum of money without conditions. By the parol

contract they are bound to pay that sum only upon the happening of a certain contingent event, and the note, by the terms of this contract, is declared to be defeated in part, in case that event does not happen. It is very plain that the two contracts are in conflict and inconsistent; that the parol agreement varies and contradicts the note."

In the case before us the contemporaneous contract, namely, the agreement for the preservation and proper use of the endowment fund, pertains to the consideration of the note in suit, and reaches no further. The evidence establishing it does not render the note uncertain or contingent as to the amount thereof. The distinctions between this case and the one just cited are obvious.

IV. The amendments to the first and second counts presented a· good defense to the action. If the articles of incor-
3. CORPORA-
TION: powers.
poration of plaintiff do not clothe it with the power to raise and control funds, by taking notes of the character of the one in suit, it surely had no authority to accept the instrument and cannot enforce it. This defense does not call in question the existence of the corporation, or set up its want of legal organization, which could not be done under Code, § 1089, but denies its power to do acts upon which its right to bring the suit is based, namely, to accept and enforce the note executed by defendant.

Other questions discussed in the case need not be considered, as, for the error in sustaining plaintiff's demurrer, the judgment of the Circuit Court must be

REVERSED.

The Chief Justice unites with me in the views of the case presented in the foregoing discussion. The other justices concur in the separate opinion of Mr. Justice ADAMS, which reaches the conclusion that the case must be reversed upon only one of the several grounds relied upon in the foregoing opinion.

ADAMS, J.—I think this case should be reversed, but I do

not concur in the grounds of reversal as set out in the opinion of Mr. Justice BECK.

As to the first division of the answer I think that the demurrer was properly sustained. The division merely shows that
4. PROMISSORY the note was executed to the plaintiff college as
note: consideration. a gift. This the petition itself shows. But the note is not necessarily without consideration because it was executed as a gift. It is not without consideration if the plaintiff has assumed responsibilities upon the strength of it, and the petition shows that it has. To such a petition the averment that the note was executed as a gift constitutes, I think, no defense.

The second division of the answer contains a denial—a point that was overlooked when the case was first before us. A denial is made of every allegation not admitted, and what is admitted is not enough to justify the rendition of a judgment in favor of plaintiff. The execution of the note is admitted, but that fact alone is insufficient because the note is shown to have been executed as a gift. It is admitted, also, that responsibilities have been assumed, but only such as were to be met by the principal of the fund for which the note was given, contrary to the alleged agreement. I do not think it would be proper to allow the assumption of such responsibilities to be shown as a consideration of the note. All else is denied.

The answer, by reason of this denial, showed a defense, and I concur in the opinion of Mr. Justice BECK that the case must be reversed; but I differ in this, that I do not think that any defense is shown by the affirmative allegations. In this respect I think the opinion originally filed was correct. It is proper that I should say, also, that that is all that was decided. That is all that was argued. The fact that there was a denial in the answer was not called to our attention until it was done in the petition for a rehearing, and, even now, the stress of the petition is laid upon the affirmative allegations.

As I differ in opinion as to the sufficiency of the affirmative

allegations, I will point out in a few words my reasons. These allegations are, in substance, that the note was executed with the understanding that the principal of the so-called endowment fund, of which the note was to constitute a part, should not be diminished.

It is averred that it has been diminished contrary to the understanding, and that the defendant is thereby released. It is also averred that for this reason the note is without consideration.    Mr. Justice BECK (with whom the Chief Justice concurs) holds that if there was an understanding that the principal of the endowment fund should not be diminished, and it has been diminished, the note is without consideration.    In my opinion the keeping of the principal of the endowment fund undiminished cannot be regarded as the consideration of the note.    If the principal of the endowment fund was to be kept undiminished, it was to be kept so forever.    That is the fair construction of the defendant's averment.    Now if that is the consideration there would be no time when it would exist.

Again, a note cannot have a consideration and be without a consideration at the same time; but if the plaintiff has incurred legitimate obligations on the strength of the note it certainly has a consideration.    Such fact would not be negatived nor in any way affected by suffering the principal of the endowment fund to become diminished.    This understanding, if any such existed, as to the conservation of the principal of the endowment fund, was held in the original opinion to be, at most, an attempt to attach a condition to the note.    My view remains unchanged.

It is averred in an amendment to the defendant's answer that "the plaintiff, by its articles of incorporation, is not authorized to raise, manage or control such fund, and the plaintiff cannot be compelled to take charge of or manage said fund."    It is not averred that the articles of incorporation prohibit the plaintiff from receiving an endowment.    If they do, the college should be changed into

6. CORPORA-
TIONS: pow-
ers.

a lunatic asylum for its founders. The most that can be inferred from the defendant's averment is that the articles of incorporation do not expressly authorize the plaintiff to receive an endowment by endowment notes or otherwise; but every incorporation has, by implication, power to do everything that is reasonably necessary or convenient to accomplish the object for which it was instituted. That an endowment is convenient for a college, not to say necessary, will be denied by no one. We must say, then, as a matter of law, that in the absence of an express provision in the articles of incorporation, prohibiting the plaintiff from receiving an endowment, it may receive one. As the want of power must rest upon an express prohibition, the defendant, in setting up a want of power, should have averred the prohibition.

Mr. Justice SEEVERS and Mr. Justice DAY concur in this opinion.

REVERSED.