Shauck, J.
It does not appear that anything of value passed from the university to Gilpin as a consideration. for the note, nor that he requested it to. expend money on the faith of his promise; nor that he requested others to contribute to the endowment and support of the university, except as such requests are to be inferred from the circumstances of himself and others when they made donations and executed obligations of this character, and from the nature of the enterprise which he and other donors and obligors were alike desirous of promoting, and from the character and objects of the obligee. It does, however, appear that Gilpin and many others were interested in maintaining *19 Lombard University as an institution of learning, and that, a charter having been obtained from the legislature of Illinois, they undertook to contribute the funds necessary to the accomplishment of their purpose, some making donations in cash, others executing obligations of the character of that executed by Gilpin. It also appears that these donations and obligations were sufficient in amount and character to encourage the corporation to expend money and incur obligations in carrying out the purposes of its creation. The enterprise to which Gilpin and others contributed and subscribed did not fail, but went forward.
In view of these facts, counsel for the plaintiff n error contend that the note is a mere gratuity, oid for want of consideration; and they in voke the general rule that a consideration is necessary to support.a promise, relying especially upon Johnson v. University, 41 Ohio St., 527; Church v. Cooper, 112 N. Y., 517; and Church v. Kendall, 121 Mass., 528, as applying that rule to contracts of the character of this.
That a promise which does not secure a benefit to him who makes it, or loss or detriment to him to whom it is made or in any manner influence the conduct of others is not enforceable, is a recognized general rule of the law. According to familiar definition, a consideration is a benefit to the promisor or a loss or detriment to the promisee; and this definition is sufficiently comprehensive to determine the validity of the . promises which are usually the foundations of actions. But the cases are not infrequent in which, to avoid arbitrary exceptions, it has been found necessary to define more accurately and comprehensively. In the case of Currie v. Misa, L. R. 10 Exch., 153, it is said: *20 “A valuable consideration, in the sense of the law, may consist either in some right, interest, profit or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility, given, suffered or undertaken by the other.” In Addison on Contracts (page 2) the author adopts the definition of the Indian Act: “When, at the desire of the promisor, the promisee, or any other person, has done, or abstained from doing’, or does or abstains from doing or promises to do or abstain from doing something, such act or abstinence or promise is called a consideration for the promise.” Certainty of adjudication is promoted by the nearest possible approach to scientific accuracy. The comprehensiveness of the definition lastly given is required by well considered cases in .which contracts have been enforced, especially the class of contracts commonly .called subscriptions. It would not aid the present inquiry to show that decisions of unquestionable authority have affirmed the validity of contracts resting upon considerations not embraced in any of the foregoing definitions. Por present purposes it is sufficient that all th'e alternatives embraced in the definitions quoted are required by the adjudications.
Tested by either of the comprehensive definitions quoted, the contract under consideration is valid and enforceable. By the desire of Gilpin, many other persons made donations in money and executed obligations to the university of like character with his, and his promise was an inducement to their donations and promises. It is true that this doctrine is rejected by the supreme court of Massachusetts in Church v. Kendall. But in that state, one for whose benefit a contract is *21 made by others, cannot maintain an action on it for want of privity. 'While in this state it has long been established that one for whose benefit others contract, upon a consideration sufficient as between themselves, may maintain an action for its enforcement. Crumbaugh v.Kugler, 3 Ohio St., 544; Thompson v. Thompson, 4 Ohio St., 333; Emmitt v. Brophy, 42 Ohio St., 82.
It is equally apparent that, prompted by the promises and gifts of Gilpin and others, “responsibility has been undertaken” by the university. It did not abandon the educational enterprise which these donors and promisors were desirous of promoting. Whether the object of the promisors was to secure the opportunity of educating their own children under such influences as they desired, or, more generally to contribute to the 'public welfare by increasing the facilities for higher education, it has been accomplished. It has been accomplished by the expenditure of money and the incurring of obligations, in reliance upon their .promises and similar promises from others.
Institutions of this character are incorporated by public authority for defined purposes. Money recovered by them on promises of this character, cannot be used for the personal and private ends of an individual, but must be used for the purposes defined. To this use the university is restricted not only by the law of its being but as well by the obligations arising from its acceptance of the promise. A promise to give money to one to be used by him according to his inclination and for his personal ends is prompted only by motive. But a promise to pay money to such an institution *22 to be used for such defined and public purposes rests upon consideration.
The general course of decisions is favorable to the binding obligation of such promises. They have been influenced, not only by such reasons as those already - stated, but in some cases, at least by state policy as indicated by constitutional and statutory provisions. The policy of this state, as so indicated, is promotive of education, religion and philanthropy. In addition to the declarations of the constitution upon the subject, the policy of the state is indicated by numerous legislative enactments providing for the incorporation of colleges, churches and other institutions of philanthrophy, which are intended to be perpetual, and which not only for their establishment, but for their perpetual maintenance, are authorized to receive contributions from those who are in sympathy with' their purposes and methods — the only source from which, in view of their nature, their support can be derived. Looking to the plainly declared purpose of the law making department, promises made with a view to discharging the debts of such institutions, to providing the means for the employment of teachers, to establish endowment funds to give them greater stability and efficiency, and whatever may be necessary or helpful to accomplish their purposes or secure their permanency must be held valid. A view which omits considerations of this character is too narrow to be technically correct.
It is not contemplated by the parties, nor is it required by the law, that in eases of this character the institution shall have done a particular thing in reliance upon a particular promise. • Not only do the law and the parties contemplate the *23 permanency of the institution, but all promisors understand that the proceeds of their promises will be mingled with prior and subsequent donations and tog-ether constitute the financial support of the enterprise. The cases must be rare indeed in which such contributions or promises would be made if others had not been made before, and rarer still, in which they would be made but for the belief that others will be made afterwards.
The requirements of the law are satisfied, the objects of the parties secured, and the perpetra-' tion of frauds prevented by the conclusion that the consideration for the promise in question is the accomplishment, through the university, of the the . purposes for which it was incorporated and in whose aid the promise was made. The defense properly failed because there was neither allegation nor proof of abandonment of those purposes.
From the very numerous cases in which these views are sustained by adjudications in other states, the following are selected: Academy v. Nelson, 24 Vt., 189; Institute v. Haskell, 73 Me., 140; College v. Bryan, 50 Iowa, 293; Collier v. Educational Society, 8 B. Mon., 68; Garrigus v. Missionary Society, 28 N. E. R., 1009; Barnett v. College, 37 N. E. R., 427 ; Amherst Academy v. Cowls, 6 Pick., 427; Roche v. Seminary, 56 Ind., 198; also Beach on Contracts, section 179, note 2.
In this state the reported eases, with but one -exception, are consistent with these views. Indeed, the validity of such promises is supported by all the cases in which it has been held that subscriptions for public purposes of such a nature are enforceable. For the law, regarding the substance rather than the form, permits nodistine *24 tion because of the promises being in one instrument or several instruments. And the mutuality of the interests of the several promisors is not to be determined as a matter of time from the dates of their promises but from the continuity and perpetuity of the object to be accomplished. In Commissioners v. Perry, 5 Ohio, 56, this court established the validity of subscriptions to the accomplishment of a material purpose. The case of College v. Love's Exr., 16 Ohio St., 20, shows that the purposes of philanthropy are entitled to the same regard and that the .character of the obligation as a subscription is not affected by the fact that it is a separate paper. It also establishes the enforceable character of an instrument differing in no leg’al sense from that before us.
An examination of the digest of the decisions of the various courts of the state will show that there has been a uniform adherence to these views until the case of Johnson v. University, 41 Ohio St., 527, was decided by the commission. A majority of the court are of the opinion that there is not such identity of facts in that case and this that we are required here to overrule it.

Judgment affirmed.