## James P. Monahan v. Michael Lovece and Kittie Lovece.

1. CONSIDERATION—*Non-Performance of Agreement as Failure of.*— The non-performance of an agreement forming the consideration of a note is not a failure of consideration unless the agreement be rescinded.

Bill to Cancel Notes.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded, with directions. Opinion filed April 15, 1897.

### STATEMENT OF THE CASE.

This was a bill filed by the appellees to cancel certain notes aggregating $450, on the ground that the consideration thereof had failed. The appellant herein, defendant below, answered the bill and filed his cross-bill to foreclose a chattel mortgage securing the notes. The court entered a decree ordering that the notes be surrendered for cancellation.

MASTERSON & HAFT, attorneys for appellant.

No appearance for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It appears from the complainant's bill that they purchased from appellant the furniture, fixtures, contents and good will of a saloon at 507 South Clark street, Chicago. That they gave therefor three vacant lots in Indiana, at a valuation of three hundred dollars, and promissory notes of the complainants for the sum of $1,200, making in all $1,500, securing the same by a chattel mortgage on the contents of said saloon.

That the appellant, when said notes and mortgage were executed, verbally agreed that he would go out of the saloon business in the neighborhood of 507 South Clark street, and would at no time engage in business anywhere in that vicinity; that he was going to move to New York, and that if he should at any time return to Chicago and there enter into the saloon business, he would pay the complainants for the said saloon, furniture, fixtures, etc., three times the amount the complainants had paid him.

That the leading consideration for the purchase of said saloon was this promise by appellant; that in violation thereof he has returned to Chicago and has gone into the saloon business at 515 South Clark street, and thereby so injured the business of complainants that the receipts of their said saloon have dwindled from twenty to five dollars

per day. That the furniture, fixtures and contents of said saloon purchased by complainants were not worth, when bought as aforesaid, over $500, and are not now of a greater value than that sum. That the complainants have paid all of said notes except certain ones amounting to $450, the consideration of which, complainants allege, has by reason of appellant's said violation of his promise, wholly failed. Complainants therefore ask that said notes be canceled; but do not offer to rescind the contract of sale.

Conceding that the evidence sustains the allegations of the complainants' bill as to a promise by appellant not to engage in the saloon business in the vicinity of South Clark street, are the complainants entitled to a decree for the cancellation of the unpaid notes? There is neither allegation nor evidence that the entire consideration of these, or any particular notes, was a promise by appellant not to engage in the saloon business on South Clark street.

The sale of the saloon property, business and good will, was a consideration for each of the notes.

There has clearly not been, as alleged, a total failure of consideration of the unpaid notes. Nor has there been a partial failure.

The bill alleges that a part of the consideration for the notes was the verbal promise by appellant not to engage in the saloon business in the vicinity of South Clark street, and that if he should do so, that he would pay to the complainants for the said saloon sold to them three times what they had paid to him therefor.

The promise is alleged to have been a consideration; not the fulfillment thereof; and, as alleged, the sum to be paid by appellant, if he violated this undertaking, was fixed.

The promises to pay the notes, made by the complainants and the promise made by appellant, are independent agreements.

If complainants do not pay the notes appellant can not for that reason rescind the sale of the saloon.

Complaints have received and are yet in possession of the

contents of the saloon, and have not offered to surrender anything received by them.

The promises of each being independent, mutual agreements, appellant has his remedy on the contract running to him, and complainants on the promise running to them. Clough v. Baker, 48 N. H. 254, is much like the present case.

The non-performance of an agreement forming the consideration of a note is not a failure of consideration unless the agreement be rescinded. 2 Randolph on Commc'l Paper, Sec. 553; Jones v. Council Bluffs Bank, 34 Ill. 313–319; Rhodius v. Welz, 87 Ind. 1; Simpson Centenary College v. Bryan, 50 Ia. 293; Morrison v. Jewell, 34 Maine, 146, Moggridge v. Jones, 14 East, 486; Wilson v. Dean, 74 N. Y. 531.

The decree of the Superior Court is reversed, and the cause remanded, with directions to the Superior Court to dismiss appellees' bill for want of equity, and to enter a decree in accordance with the prayer of the cross-bill filed by appellant. Reversed and remanded with directions.