Crew, J.
It is undisputed in this case that the claim in suit was, on or about June 1, 1891, duly *54 presented to Nathan Scnwartz, administrator of the estate of George Schwartz, deceased, and by him as such administrator duly accepted and allowed as a valid claim against the estate of said decedent. Nathan Schwartz, administrator, died in 1906, and thereafter in the further course of administration, to-wit: on July 22, 1907, Thomas H. Darby was duly apoointed by the probate court of Hamilton county administrator de bonis non of the estate of said George Schwartz. On or about July 31, 1907, James A. Bray, his said claim not having been paid, presented the same to Thomas H. Darby, administrator de bonis non as aforesaid, and requested that he indorse his allowance thereon as a valid claim against the estate of said George Schwartz, deceased. This, said administrator refused to do, and then and there positively rejected said claim. Suit was thereafter commenced thereon by the plaintiff in error, James A. Bray, on August 17, 1907, within seventeen days after the. rejection of said claim by the administrator de bonis non. .The only defense pleaded or relied upon by the administrator de bonis non in this case was the four years’ statute of limitations prescribed by Section 6113, Revised Statutes, as in force prior to April 8, 1898, which section reads as follows: “No executor or administrator, after having given notice of his appointment, as provided in this chapter, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within four years from the time of his giving bond as aforesaid, excepting in the cases hereinafter mentioned. Provided, however, that any creditor whose cause of action shall ac *55 crue or shall have accrued after the expiration of four years from the time that the executor or administrator of such estate shall give or shall have given bond according to law, and before such estate is fully administered, may commence and prosecute such action at any time within one year after the accruing of such cause of action, and before such estate shall have been fully administered; and no cause of action against any executor or administrator shall be adjudged barred, by lapse of time, until the expiration of one year from the time of the accruing.thereof.” If this statute applies to the present case and is to be construed as requiring a creditor whose claim has been presented to and allowed by. an administrator but not paid,, to bring suit on such claim within four years from the date of the administration bond or be forever barred, then the demurrer to defendant’s answer was properly overruled; but unless such is the proper interpretation and necessary effect of this statute, then said demurrer should we think have been sustained. It is admitted in this case that at the time the claim in suit was presented to and allowed by the former administrator, Nathan Schwartz, the same was neither - barred by the four years’ limitation prescribed by Section 6113, nor by any other statute of limitation. The claim was due April 1, 1891. Nathan Schwartz was appointed administrator May 13, 1891, and the claim was presented to and allowed by him as administrator June 1, 1891; less than one month after his appointment. Under these circumstances, and upon this state of facts, the provisions of Section 6113, Revised Statutes, may not properly be in *56 voiced, because wholly without application. It being the well settled rule in this state, that the allowance of a claim by an executor or administrator suspends the right of the creditor to maintain an action thereon, and thus arrests the running of the statute of limitations. In Taylor et al. v. Thorn, Admr., 29 Ohio St., 569, this court said: “The right to maintain an action on claims against an estate presented to and allowed by the administrator is prohibited by the statute. The creditor is authorized to sue where his claim, on being presented for allowance, is rejected or disallowed by the administrator, but where its validity is acknowledged, and its allowance by the administrator as a just claim against the estate is secured, no action will lie upon it. There is nothing, in such case, for the statute to operate upon. * * * Statutes of limitation affect the remedy only. They do not extinguish the debt nor affect its validity. They merely withhold from the owner thereof the right to employ remedial process for its collection; and where there is no right to such process for the statute to operate upon, where the right to resort to the courts for the collection of the debt is taken away, the statute ought not, and was not intended to apply. Trustees of Greene Township v. Campbell, 16 Ohio St., 16.” Numerous authorities are then cited by Boynton, J., and. by way of deduction and conclusion therefrom, he says: “We therefore hold, that as between the estate of a deceased debtor and its creditors, the statute of limitations ceases to run against the claims of the latter, upon their presentment to and allowance by the executor or administrator.” By *57 Section 6108, Revised Statutes, a creditor whose claim has been allowed by an executor or administrator is prohibited from bringing suit thereon “until after the expiration of eighteen months from the date of the administration bond or the further time allowed by the court for the collection of the assets of the estate;” which allowance or extension of time may, under the provisions of Section 6066, Revised Statutes, be for a period of five years from and after the date of the administration bond. Therefore to adopt the interpretation of Section 6113 contended for by counsel for defendant in error herein, would be to hold that a creditor who by one section of the statute is, or may be, prohibited from bringing suit on his claim within five years from the date of the administration bond, must, by force of the provisions of another section of the statute in the same title and chapter, bring suit thereon within four years from the date of said bond or be forever barred. Obviously no' such result was contemplated or intended by the legislature. In Thomas v. Chamberlain, 39 Ohio St., 112, this court, considering the question of whether or not the statute requiring a creditor of an estate to bring action on his claim within six months after its rejection by the administrator, applies to a case where the claim has been duly allowed by an administrator, and is thereafter rejected by the successor of the administrator allowing it, says, through Mcllvaine, J., at page 121: “The allowance of a claim when exhibited or presented to an administrator for allowance is not conclusive against the estate as to its validity. It may afterwards be disputed and contested by the *58 administrator, but we think, the statutes limiting the right of action to six months after the claim is' rejected does not apply to a case where the claim is allowed upon presentation, and afterwards disputed; but only to cases where it is disputed oiré jected upon presentation for allowance. The statute is (Sec. 6097, Rev. Stat.) : Tf a claim against the estate of a deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and the same shall not have been referred, the claimant shall, within six months after such dispute or rejection, if the debt * * * be then due * * * commence suit for the recover)' thereof or be forever barred.’ It would seem clear, that such suit must be commenced within six months after the rejection, although an administrator dc bonis non may, during that period, have succeeded. If the estate be entitled to the advantage resulting from rejection of a claim in such case, why should it not be bound by an ‘allowance’ made by a former administrator? We think it is so bound, and therefore the rejection of the claim ’in this case by the defendant had no other effect upon it, than would a subsequent notice by Sutherland, after he allowed the claim, of his intention to contest it. An administrator de bonis non takes the estate from his predecessor in the same condition he left it. All acts lawfully done in the discharge of his trust by the former administrator are binding on his successor. The law recognizes a privity of estate between them, and it follows, that the case, in this respect, stands exactly as if the same administrator who allowed the claim had afterwards *59 repudiated it.” Again, in the still later case of Stewart, Admr., v. McLaughlin, Admr., 47 Ohio St., 555, the precise question presented by the record in the present case was directly determined by this court, and it was there held that: “Where a claim is presented by a creditor to the administrator of an estate and is allowed, which is after-wards disallowed and rejected by a successor of the one that allowed it, the four-years statute of limitation provided by Section 6113, Revised Statutes begins to run, in such case, only from the time of the rejection of claim.” See also Admr. of Gilbert v. Admr. of Little, 2 Ohio St., 157, and Speidel, Admr., v. Phillips, 78 Ohio St., 194.
It follows, necessarily we think, from the foregoing decisions by this court, that the statute of limitations pleaded by the administrator de bonis non in the present case did not constitute a defense, and therefore the demurrer to the answer should have been sustained. This conclusion makes it unnecessary to consider or determine in this case the effect of the failure of Nathan Schwartz to give notice of his appointment as administrator, for such fact becomes wholly immaterial.
Judgments of the circuit court and of the court of common pleas reversed, and cause remanded to the court of common pleas.

Judgment reversed.

Summers, C. J., Spear, Davis, Shauck and Price, JJ., concur.