County Clerk — Recorded Instruments — Corrections Subsequent to the recording of deeds and other instruments recordable in the Clerk's office, and after an error in the recorded instrument, which was not present in the original instrument, has been discovered, the County Clerk who originally recorded the instrument may withdraw the incorrect instrument in which an error was made during the process of recording and record a correct copy of the original instrument. The Attorney General has had under consideration your letter of October 7, 1968, wherein you ask the following question. "Subsequent to the recording of deeds and other instruments recordable in the Clerk's Office, and after an error in the recorded instrument, which was not present in the original instrument, has been discovered; may the County Clerk withdraw the incorrect instrument, in which an error was made during the process of recording, and record a correct copy of the original instrument?" Title 19 O.S. 293 [19-293] (1961), states: "The register of deeds shall, whenever an instrument shall be presented to him for record, immediately note on the instrument the year, month, day, hour and minute of receiving the same, and the date of record of such instrument shall be from the date of filing; he shall then enter the same on the receiving book, making all the entries in the appropriate columns as herein provided, and shall as soon thereafter as practicable, record said instrument in the proper record, enter it upon the proper indexes, and over his signature and seal note the book and page on which said instrument is recorded." (Emphasis added) Title 19 O.S. 284 [19-284] (1961) states: "The register of deeds shall have the care and custody of all books, records, deeds, maps, papers and fixtures deposited and kept in his office, and it shall be his duty to carefully preserve and guard the same against defacing, mutilation, change or injury, and he shall be furnished by the county with suitable fixtures and furniture to protect the records and papers of his office.'' (Emphasis added) The purpose of the recording statutes is to preserve evidence of deeds and other instruments in order that they may be used as proof of the contents of the original instruments and to impart constructive notice equivalent to the actual knowledge which would be acquired from studying the original instrument. 16 O.S. 16 [16-16] and 76 C.J.S. Records, Section 1, p. 113. Recording statutes are remedial in nature and should be liberally construed to obtain the object intended by them. The public policy on which registration laws are founded favors an interpretation and construction which will encourage confidence in records rather than suspicion or uncertainty, 76 C.J.S. Records, Section 2 p. 114. In Opinion No. 65-205, this office stated that subsequent to the recording of deeds and other recordable instruments, the person submitting the same for recording may not withdraw a recorded instrument and reshoot a corrected version of the instrument placing the same in the record in lieu of the original. This opinion was based upon the assumption that the record correctly reflected the original instrument offered for recording and that the error to be corrected was contained in the original instrument offered for recording. The distinction in the present inquiry is that an error has occurred in the recording of the instrument, and if left uncorrected the record would not reflect the actual contents of the instrument offered for recording Those filing instruments for recording are protected on the basis of the actual contents of the instrument filed from the moment of filing. Hodges v. Simpson, 89 Okl 80, 213 P. 737; Covington v. Fisher, 22 Okl. 207, 97 P. 615 Those studying the record are put on constructive notice of the actual contents of the instrument offered for recording. To allow mistakes on the recording of an instrument to remain uncorrected on the record would be to frustrate the policy of the recording act. Public policy dictates that the record accurately reflect the actual instrument filed. 76 C.J.S. Records, Section 25 p. 126, states: ". . . I t is generally held that a recording officer while in office may alter or amend his record by correcting mistakes or supplying omissions so as to make it conform to the facts; in fact, it has been held that it is the duty of the recording officer to correct mistakes and to supply omissions in records whenever he discovers them from data in his office. . . ." A true record of the instrument filed is not made until a correct and accurate reflection of the instrument offered for recording is made and placed on the record. Title 19 O.S. 293 [19-293] (1961), requires that an instrument filed be recorded, and public policy dictates that this be a correct and accurate record. Once a correct and accurate record is made Section 284 requires that this record be protected against change. Therefore, it is the opinion of the Attorney General that subsequent to the recording of deeds and other instruments recordable in the Clerk's Office, and after an error in the recorded instrument, which was not present in the original instrument, has been discovered, the County Clerk who originally recorded the instrument may withdraw the incorrect instrument, in which an error was made during the process of recording and record a correct copy of the original instrument. (Prudence Little)