FIXTURES — RECORDING INSTRUMENTS AFFECTING REAL ESTATE (1) Financing statements, continuation statements, termination statements, or assignments or releases of financing statements containing an adequate legal description of real estate must be recorded and entered in the tract indexes by county clerks only where such statements cover goods which are or are to become fixtures and a request is made by the secured party for such instrument to be so recorded and indexed. (2) Financing statements, continuation statements, termination statements and assignments or releases of financing statements are not mortgages on real estate and the real estate mortgage tax levied in 68 O.S. 1901 [68-1901] — 68 O.S. 1909 [68-1909] (1969), does not apply to these instruments. The Attorney General has had under consideration your letter of August 31, 1970, requesting an interpretation of O.S.L. 1970, ch. 246, 7, and further inquiring whether instruments filed thereunder are subject to the real estate mortgage tax as set forth in 68 O.S. 1901 [68-1901] — 68 O.S. 1909 [68-1909] (1969). Specifically your questions are: "Question 1. Must the county clerk record and enter in the tract indexes every financing statement, continuation statement, termination, or assignment or release of a financing statement, where the same contain a legal description of real estate adequate for recording, or only those instruments tendered for filing by the secured party with a request that such instrument be recorded for the purpose of constituting record notice to any subsequent purchaser or encumbrancer of the real estate therein described? "Question 2. Are the aforementioned instruments required to be recorded, and the mortgage registration tax paid as set forth in 68 O.S. 1901 [68-1901] — 68 O.S. 1909 [68-1909] (1969)? "Question 3. Are said financing statements tendered for filing by the Farmers Home Administration (a Federal Agency) and recorded in accordance with Sections 6 and 7 of said Senate Bill 232 subject to the mortgage registration tax?" A look at the purpose of the Uniform Commercial Code, of which O.S.L. 1970, ch. 246, 7, is an amendment, will be helpful. The title itself advises us that it is a uniform commercial code. Its relationship to real estate is slight and only incidental to its intended purpose of being a code to regulate commercial transactions. Section 7, supra, should be read in connection with Section 6. These two sections are as follows: "SECTION 6. No filing of a financing statement, continuation statement, termination statement, or assignment or release of financing statement under the provisions of subsection (1) (b) of Section 9401 of this Article shall constitute record notice of the contents thereof against any subsequent purchaser or encumbrancer of real estate or any interest therein unless the same contains a legal description of the real estate adequate for the purposes of indexing in the tract indexes of the county wherein the real estate is situated. "SECTION 7. It shall be the duty of the county clerk to cause all such financing statements, continuation statements, termination statements, or assignments or releases of financing statements containing an adequate legal description to be recorded and indexed in the records of said office in the same place and manner as a mortgage on real estate or assignment or release thereof." Section 6 refers to Section 9401 (1) (b). Section 9401 pertains to the proper places to file in order to protect security interests and subsection (1) (b) specifically pertains to "goods which . . . are or are to become fixtures . . . ." Thus, the only instruments referred to in Section 7 are those which pertain to "fixtures." A fixture according to Black's Law Dictionary 766 (Revised 4th ed. 1968) is "a chattel attached to realty." It is apparent then that the Legislature intended requiring county clerks to record and index the instruments listed in Sections 6 and 7 only if those instruments relate to "goods which . . . are or are to become fixtures. . . ." Must all such instruments relating to fixtures be recorded? We do not think so. The statutes under consideration are "notice" statutes. Their purpose is to permit sellers of goods, or chattels, which are to be attached to realty to give notice to the world of the seller's interest in such chattels. The security interests are similar to mortgages and giving notice of such security interests serves a similar purpose to that of giving notice of mortgages. It is not mandatory that mortgages be filed; they may be filed for the purpose of giving notice. 16 O.S. 15 [16-15] and 16 O.S. 16 [16-16] (1961). The mortgage registration tax, or real estate mortgage tax, is levied upon real estate mortgages as defined in 68 O.S. 1901 [68-1901] (1969), which states in part: "The words or term 'real estate mortgage' as used in this Article shall be understood to include every species of conveyance intended to secure the payment of money by lien upon real estate." (Emphasis added) Real estate mortgages are classified as "conveyances." In State v. Sutterfield, Mo., 176 S.W.2d 666, 669, (1944), a "conveyance"is defined as: "A conveyance is the transfer of the title of land from one person to another . . . . There is no magical meaning in the word 'conveyance'; it denotes an instrument which carries from one person to another an interest in land. If it does not do this it is not a conveyance. " (Emphasis added) The instruments referred to in Sections 6 and 7, supra, do not carry from one person to another an interest in land as such, and cannot truly be called real estate mortgages. Not being real estate mortgages, then, such instruments are not subject to a real estate mortgage tax. It is therefore the opinion of the Attorney General, that, in answer to your question number one, county clerks must record and enter in tract indexes only those financing statements, continuation statements, termination statements or assignments or releases of financing statements which are tendered for filing by the secured party with a request that such instrument be recorded for the purpose of constituting record notice to any subsequent purchaser or encumbrancer of the real estate therein described. It is further the opinion of the Attorney General that your question number two be answered in the negative. The instruments referred to in Sections 6 and 7, supra, are not subject to the real estate mortgage tax as set forth in 68 O.S. 1901 [68-1901] — 68 O.S. 1909 [68-1909] (1969). Our answer to your second question covers your third inquiry. (NORMAN CANNON) ** SEE: OPINION NO. 70-307 (1970) **