ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER IN WHICH YOU ASKED, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. IS TITLE 26 O.S. 16-119 (1991) CONSTITUTIONAL UNDER THE FEDERAL AND STATE CONSTITUTIONS?
 2. DOES THE TERM "OFFICIAL" IN 19 O.S. 16-119 INCLUDE BOTH ELECTED OFFICIALS AND OTHER STATE EMPLOYEES WHO HAVE CUSTODY OF PUBLIC FUNDS?
 3. DOES THE EXPENDITURE OF PUBLIC FUNDS REFERRED TO IN 16-119 INCLUDE USING PUBLIC FACILITIES AND PUBLIC EMPLOYEE'S OFFICIAL WORK TIME?
 4. DOES THE STATUTE EXTEND TO AGENCIES AND OFFICERS OF POLITICAL SUBDIVISIONS OF THE STATE OF OKLAHOMA?
 5. WHAT ARE THE PROCEDURES FOR DECLARING AN OFFICE VACANT AFTER AN OFFICIAL HAS BEEN FOUND GUILTY OF VIOLATING THE STATUTE?
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
IT IS NOT NECESSARY TO RESPOND TO YOUR QUESTIONS WITH AN OFFICIAL OPINION BECAUSE PREVIOUS OPINIONS OF THE ATTORNEY GENERAL HAVE ADDRESSED MOST OF YOUR INQUIRIES. I HAVE ENCLOSED FOR YOUR INFORMATION COPIES OF A.G. OPIN. NOS. 79-346, 80-241/80-249, 91-27, AND 80-310. YOUR INQUIRIES ARE CONCERNING TITLE 26 O.S. 16-119 WHICH STATES:
 "ANY OFFICIAL IN THIS STATE WHO SHALL DIRECT OR AUTHORIZE THE EXPENDITURE OF ANY PUBLIC FUNDS UNDER HIS CARE, EXCEPT AS SPECIFICALLY AUTHORIZED BY LAW, TO BE USED EITHER IN SUPPORT OF, OR IN OPPOSITION TO, ANY MEASURE WHICH IS BEING REFERRED TO A VOTE OF THE PEOPLE BY MEANS OF THE INITIATIVE OR REFERENDUM, OR WHICH CITIZENS OF THIS STATE ARE ATTEMPTING TO HAVE REFERRED TO A VOTE OF THE PEOPLE BY THE INITIATIVE OR REFERENDUM, SHALL BE DEEMED GUILTY OF A MISDEMEANOR, AND THE OFFICE HELD BY SUCH PARTY SHALL BE ADJUDGED VACANT AND SHALL BE FILLED IN THE MANNER PRESCRIBED BY LAW."
THE STATUTE CLEARLY STATES THAT A PUBLIC OFFICIAL IS EXPRESSLY PROHIBITED FROM DIRECTING OR AUTHORIZING THE EXPENDITURE OF PUBLIC FUNDS UNDER HIS OR HER CARE TO INFLUENCE ANY MEASURE WHICH IS BEING REFERRED TO A VOTE OF THE PEOPLE BY MEANS OF THE INITIATIVE OR REFERENDUM. A.G. OPIN. NO. 79-346. IN YOUR LETTER YOU REFERRED TO BOTH INITIATIVE PETITIONS AND STATE QUESTIONS. IT SHOULD BE NOTED THAT THE OKLAHOMA SUPREME COURT IN QUINN V. CITY OF TULSA, 777 P.2D 1331, HELD THAT THIS STATUTE APPLIES ONLY TO REFERENDUM OR INITIATIVE ELECTIONS. OTHER ELECTIONS, SUCH AS THE MUNICIPAL BOND ELECTION CHALLENGED IN QUINN, ARE NOT COVERED BY 16-119.
IN YOUR FIRST INQUIRY YOU QUESTIONED THE CONSTITUTIONALITY OF THE STATUTE BUT DID NOT RAISE ANY SPECIFIC CONCERNS. IN RESEARCHING THE QUESTION I FOUND NO BASIS FOR A CONSTITUTIONAL CHALLENGE. IN FACT, ARTICLE V, SECTION 8 OF THE OKLAHOMA CONSTITUTION SPECIFICALLY DIRECTS THE LEGISLATURE TO ENACT LAWS TO PREVENT CORRUPTION IN INITIATIVE AND REFERENDUM ELECTIONS. FURTHERMORE, THE VALIDITY OF A STATUTE IS PRESUMED AND THAT PRESUMPTION CONTINUES UNTIL THE STATUTE'S INVALIDITY IS SHOWN BEYOND ANY DOUBT. WAY V. GRAND LAKE ASS'N INC., 635 P.2D 1010, 1017 (OKLA.1981), CITING HERNDON. JUDGE V. ANDERSON, 25 P.2D 326 (OKLA.1933). HOWEVER, EVEN IF THE ATTORNEY GENERAL WERE TO FIND THE STATUTE UNCONSTITUTIONAL, SUCH OPINIONS ARE ADVISORY ONLY AND THUS NOT BINDING UNTIL FINALLY SO DETERMINED BY AN ACTION IN THE DISTRICT COURT OF THE STATE. YORK V. TURPEN, 681 P.2D 763, 767 (OKLA.1984). THUS, 16-119 WOULD REMAIN A VIABLE PART OF THE LAW UNLESS A COURT ADJUDGED IT UNCONSTITUTIONAL.
QUESTION TWO, REGARDING WHO IS CONSIDERED AN "OFFICIAL" AS STATED IN 26 O.S. 16-119, CAN BE ANSWERED IN PART BY EXAMINING WHAT CONSTITUTES A PUBLIC OFFICE. IN OKLAHOMA CITY V. CENTURY INDEMNITY CO. 62 P.2D 94 (OKLA.1936) THE COURT DISCUSSED THE CHIEF ELEMENTS OF A PUBLIC OFFICE. THOSE ELEMENTS ARE:
 "(A) THE SPECIFIC POSITION MUST BE CREATED OR AUTHORIZED BY LAW; (B) THERE MUST BE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INCUMBENT; AND (C) THEY MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER, "A POSITION WHICH HAS THESE THREE ELEMENTS IS PRESUMABLY AN 'OFFICE,' WHILE ONE WHICH LACKS ANY OF THEM IS A MERE 'EMPLOYMENT."
62 P.2D AT 97, (QUOTING WINSOR V. HUNT, 243 P.407,413 (ARIZ.1926)). CENTURY INDEMNITY DISTINGUISHES A PUBLIC OFFICER FROM AN EMPLOYEE, STATING THAT AN EMPLOYEE WOULD MERELY BE THE AGENT OF THE PUBLIC OFFICER.
TITLE 26 O.S. 16-119 USES THE TERM "OFFICIAL" AND DOES NOT ADDRESS OTHER PUBLIC EMPLOYEES. THE STATUTE CONTEMPLATES SOMEONE WHO HAS CONTROL OVER EXPENDITURE OF PUBLIC FUNDS. IN ADDITION, THE PUNISHMENT FOR VIOLATION OF 16-119 IS VACATION OF THE OFFICE. AN EMPLOYEE WOULD NOT FALL UNDER THE PRESCRIBED PUNISHMENT IN 16-119. IT IS A SOUND RULE OF STATUTORY CONSTRUCTION THAT STATUTES MUST BE INTERPRETED IN LIGHT OF THEIR CONTEXT. DAVIS V. STATE, 300 P.2D 1000 (OKL.CR.1956). AFTER CONSIDERING BOTH THE PROHIBITION AND THE PUNISHMENT, IT IS REASONABLE TO CONCLUDE THAT THE TERM "OFFICIAL" DOES NOT INCLUDE THOSE STATE EMPLOYEES WHO ARE NOT OFFICEHOLDERS. THE INTENTION AND PURPOSE OF THE LEGISLATURE SHOULD NOT BE ASCERTAINED FROM ANY SINGLE, ISOLATED CLAUSE OR SENTENCE, OR FROM PARTICULAR OR PARTIAL RECITALS, BUT FROM A GENERAL CONSIDERATION OR VIEWPOINT OF THE ACT AS A WHOLE. NELSON V. STATE, 288 P.2D 429 (OKL.CR.1955).
BOTH ELECTED AND APPOINTED OFFICIALS ARE COVERED UNDER THE STATUTE. THE STATUTE IS INTENDED TO PREVENT PUBLIC FUNDS FROM BEING USED TO PROMOTE ELECTION RESULTS. WHETHER AN OFFICIAL DIRECTED OR AUTHORIZED EXPENDITURE OF PUBLIC FUNDS IN VIOLATION OF 16-119 WOULD BE A QUESTION OF FACT.
SEVERAL OPINIONS, INCLUDING AMONG OTHERS, A.G. OPIN. NOS. 79-346, 80-241/249 AND 91-027, HAVE ADDRESSED QUESTION THREE. THESE OPINIONS INDICATE THAT THE USE OF PUBLIC EQUIPMENT OR THE DIVERTING OF PUBLIC EMPLOYEES FROM THEIR PUBLIC DUTIES TO PROMOTE OR INFLUENCE AN INITIATIVE PETITION OR REFERENDUM WOULD BE CONSIDERED ACTIVITIES USING PUBLIC FUNDS. AS SET OUT IN A.G. OPIN. NO. 80-241/249, THE GENERAL INTENT OF 16-119 WOULD PROHIBIT A PUBLIC OFFICIAL FROM DIVERTING THE DUTIES OF OTHER EMPLOYEES TO MATTERS DIRECTLY INVOLVING THE SUPPORT OR OPPOSITION OF THE INITIATIVE OR REFERENDUM. THE ATTORNEY GENERAL SPECIFICALLY FOUND THAT THE CALLING OF EMPLOYEES FROM THEIR JOBS, WHILE ON PAYROLL, TO ATTEND A PRESENTATION PROMOTING THE ADOPTION OF A SALES TAX IN AN ELECTION VIOLATES 26 O.S. 16-119.
IN ADDITION, THE ATTORNEY GENERAL, IN A.G. OPIN. NO. 91-027, QUOTED STERN V. KRAMARSKY, 375 N.Y.S. 2D 235, 239 (N.Y. S.CT. 1975), IN WHICH THE COURT STATED THAT:
 "PUBLIC FUNDS ARE TRUST FUNDS AND AS SUCH ARE SACRED AND ARE TO BE USED ONLY FOR THE OPERATION OF GOVERNMENT. FOR GOVERNMENT AGENCIES TO ATTEMPT TO INFLUENCE PUBLIC OPINION ON SUCH MATTERS INHIBITS THE DEMOCRATIC PROCESS THROUGH THE MISUSE OF GOVERNMENT FUNDS AND PRESTIGE. IMPROPER EXPENDITURE OF FUNDS, WHETHER DIRECTLY THROUGH PROMOTIONAL AND ADVERTISING ACTIVITIES OR INDIRECTLY THROUGH THE USE OF GOVERNMENT EMPLOYEES OR FACILITIES CANNOT BE COUNTENANCED. (CITATION OMITTED.)"
HOWEVER, IT SHOULD BE NOTED THAT
"(B) EFORE A DETERMINATION MAY BE MADE AS TO WHETHER A PARTICULAR EXPENDITURE OF PUBLIC FUNDS WOULD BE PROPER, REFERENCE MUST BE MADE TO THE PARTICULAR OFFICIAL, THAT OFFICIAL'S SPECIFIC DUTIES AND THE TYPE OF ELECTION INVOLVED. REFERENCE TO THESE FACTS WOULD BE NECESSARY BEFORE IT COULD BE DETERMINED WHETHER ANY PARTICULAR EXPENDITURE WAS, IN FACT, UNLAWFUL OR IMPROPER."
A.G. OPIN. NO. 91-027.
A NUMBER OF ATTORNEY GENERAL OPINIONS CAN BE APPLIED TO YOUR QUESTION CONCERNING WHETHER AGENCIES AND OFFICERS OF POLITICAL SUBDIVISIONS OF THE STATE ARE SUBJECT TO 16-119. ATTORNEY GENERAL OPINION NOS. 80-310 AND 80-241/249 WHICH DISCUSSED 16-119 APPLIED THE SECTION TO OFFICIALS OF POLITICAL SUBDIVISIONS. IN A.G. OPIN. NO. 80-241/249 THE QUESTION CONCERNED WHETHER A CITY COMMISSION VIOLATED 16-119. THE ATTORNEY GENERAL STATED THAT MEMBERS OF A CITY COMMISSION CONSTITUTE OFFICIALS UNDER 16-119, CITING OKLAHOMA CITY V. CENTURY INDEMNITY CO., 178 OKLA. 212, 62 P.2D 94 (1936). THE QUINN CASE ALSO IMPLIES THAT 16-119 APPLIES TO CITY OFFICIALS. 777 P.2D 1331, 1339.
ATTORNEY GENERAL OPINION NO. 80-310 DISCUSSED THE QUESTION OF WHETHER A SCHOOL DISTRICT MAY SEND OUT CAMPAIGN MATERIAL IN SUPPORT OF A MILLAGE ELECTION. THE ATTORNEY GENERAL FOUND THAT EXPENDITURE OF PUBLIC FUNDS BY A DISTRICT IN SUPPORT OF A REFERENDUM ELECTION IS PROHIBITED BY THE TERMS OF 16-119. SECTION 16-119 HAS BEEN APPLIED TO SCHOOL DISTRICTS AND CITY COMMISSIONS. BOTH CITY COMMISSIONS AND SCHOOL DISTRICTS ARE POLITICAL SUBDIVISIONS OF THE STATE. THE STATUTE ADDRESSES PUBLIC OFFICIALS WHO DEAL WITH PUBLIC FUNDS, THUS AGENCIES AND OFFICERS OF POLITICAL SUBDIVISIONS OF THE STATE WOULD BE SUBJECT TO 16-119.
ATTORNEY GENERAL OPINION 79-346 ADDRESSES YOUR QUESTION REGARDING THE PROCEDURES USED FOR DECLARING AN OFFICE VACANT ONCE THE OFFICIAL HAS BEEN FOUND GUILTY OF VIOLATING 16-119. THE STATUTE PROVIDES FOR A TWO-FOLD PENALTY FOR SOMEONE WHO HAS BEEN FOUND GUILTY OF VIOLATING 16-119. FIRST, A VIOLATION OF 16-119 CONSTITUTES A MISDEMEANOR AS DEFINED IN 16 O.S. 16-110. THE STATUTE STATES:
(TEXT OF STATUTE)
IN ADDITION TO THE CRIMINAL CONSEQUENCES, THE OFFICE HELD BY THE PARTY ADJUDGED GUILTY OF VIOLATING THE PROVISIONS OF 16-119 IS SUBJECT TO A VACANCY ADJUDICATION. SUCH A DETERMINATION IS CONTROLLED BY 51 O.S. 1991, 8, WHICH PROVIDES IN PART:
 "THE FACT BY REASON WHEREOF THE VACANCY ARISES SHALL BE DETERMINED BY THE AUTHORITY AUTHORIZED TO FILL SUCH VACANCY."
AFTER THE PARTICULAR OFFICE HAS BEEN DECLARED VACANT, 16-119 PROVIDES THAT THEREAFTER THE OFFICE SHALL BE FILLED IN THE MANNER PRESCRIBED BY LAW. THE "MANNER PRESCRIBED BY LAW" VARIES FROM OFFICE TO OFFICE. FOR EXAMPLE, 26 O.S. 13A-110 AUTHORIZES LOCAL BOARDS OF EDUCATION TO APPOINT INDIVIDUALS TO FILL LOCAL SCHOOL BOARD VACANCIES. ON THE OTHER HAND, VACANCIES IN COUNTY OFFICES ARE FILLED BY THE COUNTY'S BOARD OF COUNTY COMMISSIONERS. 51 O.S. 10(B) (1991). SINCE OFFICES HAVE DIFFERENT APPOINTING AUTHORITIES, IT WOULD BE DIFFICULT TO CITE TO ALL THE VARIOUS STATUTES.
(L. MICHELLE STEPHENS)