### JULIA THOMPSON v. LOUISA B. JONES.

1. **Family Relation Gratuitous Service not Implied in Case of Brother with Means, Uninvited, Living with Married Sister and not Contributing to Support of Her Family.**

    The "family relation" upon which no obligation to pay for services rendered to a member of a family can be implied is based on that borne to the family as a whole; mere blood relationship such as brother and sister—in this case a brother in poor health, abundantly able to pay for his board and care, going without invitation to live with a married sister not having any means of her own, and contributing in no way to the maintenance of his sister's family by work or money—does not compel the inference of gratuitous service exempting the estate of the brother from payment for services rendered him by his sister. *Hinkle* v. *Sage*, 67 Ohio St. 256, distinguished.

2. **Technical Failure to Give Instructions Before Argument not Sufficient to Reverse Judgment Where Evidence Permits no Other Conclusion Than Reached by Jury.**

    While it is the duty of the court to give the jury proper instructions which counsel have requested the court to give before argument, and a refusal to give instructions is error, a judgment will not be reversed because of such refusal where the technical reason for a reversal is the only reason that can be suggested, and the uncontradicted evidence admits of but one conclusion as to the facts and that is the conclusion at which the jury has arrived.

ERROR. to common pleas court.

*Fulton & Woost*, for the plaintiff in error.
*Darby & Benedict*, for defendant in error.

## SWING, J.

The action below was by Louisa B. Jones against the administrator of her brother's estate for board and services rendered her brother, Peter Edward Fritsch. The only evidence offered on the trial of the case was offered by the plaintiff and it is all contained in the bill of exceptions. The jury returned a verdict for the plaintiff, and also answered two interrogatories. The first was as follows:

Thompson v. Jones.

"Did the deceased, Peter Edward Fritsch, shortly after going to the home of the plaintiff, Mrs. Jones, promise to pay her for his board, care and attention to him while he was there, and did she thereafter in consideration of such promise furnish to him such board, care and attention? Answer, yes."

Before argument to the jury counsel for defendant asked the court to charge the jury that before the plaintiff could recover in the action the contract must be established by clear and unequivocal proof, relying on the law as laid down in the case of *Hinkle* v. *Sage*, 67 Ohio St. 256 [65 N. E. Rep. 999]. This was requested in three different charges, each of which the court refused to give.

It is the duty of the court to give to the jury a proper instruction which counsel has requested the court to give before the argument, and the refusal to give such instruction is error. It can not be questioned but what the law as laid down in *Hinkle* v. *Sage, supra*, is the law of the state as to like cases. So that the only question is as to whether this case is one falling under that holding. It is very doubtful whether this case comes within the rule of *Hinkle* v. *Sage.* The "family relation" spoken of in that case and similar cases does not rest wholly on the blood relationship of the parties, but rather the relation that is borne to the family as a whole. There is no reason why a brother boarding with a sister should not pay for his board the same as a stranger if he does not in turn render to his sister some more recompense than a stranger. A sister is more likely to give to a brother than to a stranger, but where the circumstances show there is no reason to make a gift, none should be inferred simply because of the relationship.

In the present case the only fact which tends to show any family relationship is the fact that Louisa B. Jones was a sister of Peter Edward Fritsch. He went to her house uninvited. She was living with her husband on his farm. It does not appear that the sister had any means of her own. It does appear that Peter Edward Fritsch had stocks and bonds and was abundantly able to pay for his board. It further appears that Peter Edward Fritsch was in poor health while at his sis-

Hamilton County.

ter's and part of the time was very sick, requiring constant attention with considerable expense for medicine and washing, and it further appears that during this time he did not in any way contribute to the maintenance of the family. He performed no work and paid no money which aided in its support. The evidence is clear and positive and uncontradicted that he promised to pay for his board and the expenses incurred by his sister in his behalf, and we think it must clearly be inferred from the evidence that his sister rendered the services, relying on his promise to pay for them. This seems to be the only rational conclusion to be drawn from the evidence and this was the conclusion reached by the jury in their general verdict and in their special findings. To reverse this judgment under these circumstances for the reason that the court should have given the instruction before argument, as requested by counsel for the defendant, would seem to be purely technical and not substantial. When the evidence is all before the court and the uncontradicted evidence admits of but one conclusion and that conclusion is the one which the jury has arrived at, any errors of law found in the charge of the court would appear to be unprejudicial and should be disregarded.

**Giffen** and **Smith, JJ.,** concur.