PELZER v. WOOLLEY, ADMR.

*Question for jury—Relationship—Action for services to decedent—Directed verdict erroneous, when—Proof of nonrelationship and express contract.*

1. The question of a family relationship being raised by the pleadings and made an issue in an action against an administrator for personal services rendered decedent during her lifetime, is one for the jury under proper instructions of the court.

2. It is error in such case for the trial court to grant a motion for an instructed verdict in favor of defendant on the ground of insufficient evidence where there is evidence tending to show that no relationship existed; that plaintiff gave up her employment elsewhere at the request of decedent to work for her under an express promise that she would be well paid; and that during the last year plaintiff was with decedent she was married and wished to leave but was persuaded by decedent to stay with the promise that decedent would pay her well, all of which tend to prove the nonexistence of family relationship, and, an express promise to pay.

(Decided April 10, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. John J. Acomb,* for plaintiff in error.
*Mr. Samuel B. Hammel* and *Messrs. Jones & Jones,* for defendant in error.

HAMILTON, P. J. The plaintiff, Bessie Pelzer, brought her action against the administrator of the estate of Rosetta C. Woolley, on an account for personal services rendered Rosetta C. Woolley during her lifetime.

The petition, in addition to the preliminary nec-

essary allegations of administration, alleged the services, the presentation of the claim to the administrator, the rejection thereof, and that the claim is due and owing to plaintiff.

The answer admitted the presentation of the claim and rejection thereof, the administration, etc., and set up that the "family relation" existed between the plaintiff and the deceased, Rosetta C. Woolley, that the plaintiff was the granddaughter of the decedent and rendered the services as a member of her family; and denied that there was any express contract for the payment of the services.

A reply was filed denying the family relation and further claiming an express contract to pay for the services.

At the close of plaintiff's evidence, defendant moved for an instructed verdict in favor of the defendant, on the ground that "the plaintiff had failed to introduce sufficient evidence to make out this case, that the case should be withdrawn from the jury, and judgment rendered for the defendant."

The court found as a matter of law that the family relationship existed, that there was no clear and convincing testimony to prove an express contract, and granted the motion for an instructed verdict.

A motion for a new trial was overruled and judgment rendered on the verdict, to which judgment error is prosecuted here.

The question of the family relationship was raised by the answer and the reply thereto. This was one of the issues of the case. Whether or not the family relationship existed was a question for the jury, under proper instructions of the court. If the jury should find that the family relationship existed, then

the rule of law would require clear and convincing proof of the contract. If, on the other hand, they should find the family relationship did not exist, the law would only require a preponderance of the evidence to entitle plaintiff to recover under the contract. *Rudy* v. *Rudy,* 14 C. C. (N. S.), 545.

There was evidence tending to show that the family relationship did not exist; that plaintiff was employed at other places; that she gave up her work at the Freeman Perfume Company plant, where she was earning eight dollars a week, at the request of the deceased to work for her under an express promise that she would be well paid, and that she, the deceased, would pay her well; that during the last year plaintiff was with the decedent she was married, and her husband furnished her clothing; and that she was dissatisfied and desired to leave, but remained under the persuasion of the decedent, with the promise that she, the decedent, would pay her well. These are a few of the salient points in the evidence, which seem to us to tend to prove both that the family relationship did not exist and that there was an express promise to pay. Under the rule laid down in *Gibbs* v. *Village of Girard,* 88 Ohio St., 34, the case should have been submitted to the jury, under proper instructions of the court.

The case of *Hinkle* v. *Sage,* 67 Ohio St., 256, is cited by counsel for defendant in error as authority for sustaining the judgment. But this is a much different case from that. There no proof was necessary as the family relationship was admitted in the reply. Moreover, that case was submitted to the jury, under proper instructions of the court, and an uninstructed verdict was returned for the defense.

The judgment will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.