By the Court.
 

 Catherine Lemunyon brought an action against the executor of her deceased father’s estate, seeking to recover $1400, in round figures, for 172 days work as housekeeper at $7 per week, six weeks nursing at $10 per week, and $165 as her father’s share of groceries and other supplies purchased while she was living in her father’s home. The jury returned a verdict in favor of the defendant, and judgment was entered accordingly. The Court of Appeals affirmed this judgment. Catherine Lemunyon prosecutes error to this court.
 

 It is claimed that the trial court committed prejudicial error in excluding the testimony of Catherine Lemunyon; in the refusal to charge as requested by plaintiff; in the general charge as given; and also in the overruling of a motion for new trial, based on newly discovered evidence, not available at the trial.
 

 The daughter claimed that she was living in her own home some miles distant from her father, and
 
 *56
 
 at Ms request broke up her own home and went to live with him; that she took care of him in so far as he needed care; that she and her father thereafter lived in her father’s house; and that during that period, up to the time of his death, she performed the services and furnished the supplies herein mentioned. In her petition she claimed on an express contract, averring that her father had agreed to receive and pay for the services and supplies furnished, and that she had agreed to furnish the same for pay. There was no written contract, and there was no direct evidence offered, other than the incompetent evidence of the daughter herself, that a contract had been made. Her claim was that the situation was attended by such circumstances as compelled a conclusion by the jury that an express contract had been made, obligating the father to receive and pay for the services rendered.
 

 ' We see no error in the refusal of the trial court to permit Mrs. Lemunyon to testify to the existence of .this contract. She was clearly disqualified as a witness by the statute. The requests to charge in the case were quite distinctly at variance with the principles laid down in the case of
 
 Hinkle
 
 v.
 
 Sage,
 
 67 Ohio St., 256, 65 N. E., 999, and also in the case of
 
 Merrick
 
 v.
 
 Ditzler,
 
 91 Ohio St., 256, 110 N. E., 493, which decisions have been followed with approval by this court.
 

 There was no error in the charge of the court to the jury as given. As to the overruling of the motion for a new trial, in so far as the ground of newly discovered evidence is concerned, the trial court was entirely - correct. The newly discovered evidence offered was a memorandum that had been written
 
 *57
 
 by tbe father in a notebook that he had, saying that one of his daughters had gone away to another city and neglected him, and that Mrs. Lemunyon had herself gone to the same city in disregard of her obligations to him, and it was claimed that this language was a recognition by him of the contract sued on. We are not able to appreciate any substantial merit in this claim..
 

 A number of decisions are cited from other states that are not in accord with the principles laid down in
 
 Hinkle
 
 v.
 
 Sage,
 
 and
 
 Merrick
 
 v.
 
 Ditzler, supra.
 
 The policy in Ohio with respect to the right of recovery against the estate of a deceased parent by a child who lived in the parent’s home up to the time of the parent’s death is .as definitely stated and settled as it well could be by the two decisions of this court cited above, and no sound reason appears why these principles should be varied.
 

 The judgments of the lower courts will be affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.