**STRUBLE, Admr v STRUBLE**

Ohio Appeals, 1st Dist, Hamilton Co

No 3987. Decided Feb 15, 1932

Edward C. Lovett for plaintiff in error.

J. T. Rhyno, Cincinnati, A. B. Roessler, Cincinnati, and Jesse P. Cobb, for defendant in error.

ROSS, PJ.

The evidence sustains all the allegations of the amended petition.

The jury rendered a verdict for the full amount claimed. The court granted a remittitur of $2,000.00.

The chief contention of the plaintiff in error is, that no recovery can be had upon the contract for the reason that it is void under the statute of frauds.

The contract was in effect an agreement to make a will, or execute some other conveyance, by which Clarence should receive all the father's property at his death. Clarence fully performed his contract, and there was a complete failure on the part of the father to perform his part. Clarence has only his remedy at law to recover just compensation for his services. That he is en-titled to this has been definitely settled by the Supreme Court in the case of **Newbold et v Michael et, 110 Oh St, 588.** The contract in this case, while specifically mentioning a provision to make a will, is no more effective than the one in the instant case. The court holds the remedy of the one performing the services is an action at law. At page 595 of the opinion it is stated: "The extent of her remedy at law would be to recover the value of her services." And, again, on page 597 of the opinion, the court say:

"Entertaining these views, we are constrained to the conclusion that there is not sufficient in this record to enable us to determine that the services rendered by the plaintiff below were of such peculiar character and nature that they could not be measured by pecuniary standard, and that it would work no fraud upon the plaintiff below if she were denied specific performance of this parol agreement, but remitted to such compensation as she would be entitled in law."

We find no error, prejudicial to the plaintiff in error, and the judgment is affirmed.

HAMILTON and CUSHING, JJ, concur.