SCHEETZ, ADMR., *v.* SCHEETZ.

(Decided December 17, 1933.)

Messrs. *Wheeler & Ely* and *Mr. C. O. Turner,* for plaintiff in error.
*Mr. Lloyd Leech,* for defendant in error.

LEMERT, J. The plaintiff in error, J. J. Scheetz, administrator, was the defendant in the court below. The action was brought by the defendant in error, Anna Scheetz, against J. J. Scheetz, administrator with the will annexed of C. Louisa Scheetz, plaintiff in error, on a claim for personal services which Anna Scheetz claims to have rendered C. Louisa Scheetz during her

lifetime. The case was tried to a jury, resulting in a verdict for the plaintiff below.

The defense in the court below was that Anna Scheetz was a member of the family of C. Louisa Scheetz, and that there was no express contract obligating C. Louisa Scheetz to pay for services rendered. The evidence in the record shows that Anna Scheetz was a daughter-in-law of C. Louisa Scheetz; the husband of Anna Scheetz being Herman Scheetz, a son of C. Louisa Scheetz.

The record shows that C. Louisa Scheetz was the owner of an eighty-acre tract of land in Millcreek township, Coshocton county, Ohio, and that the son Herman and his wife moved into the property of the mother and continued to live with her to the date of her death. The record shows that the said Herman Scheetz was married some eighteen or twenty years prior to the time this case was tried, and immediately after the marriage took his wife to his mother's home and there resided until his mother's death.

We have carefully examined the whole of the record before us, and we are of the opinion that Herman Scheetz and his wife and the said C. Louisa Scheetz were members of the same family. The law of Ohio is well settled that, where one member of the family sues another member of the family, there must be an express contract before there can be a recovery for services rendered. The record before us fails to show that there was an express contract for the services rendered. There is no statement or testimony in the record to show that there was any express contract on the part of Anna Scheetz to perform any services for compensation or on the part of C. Louisa Scheetz to pay.

In an action to recover compensation for services, when it appears that the plaintiff was a member of the family of the person for whom services were rendered, no obligation to pay for the services will be implied, and the plaintiff cannot recover in such case unless it be established that there was an express contract upon

one side to perform the services for compensation and upon the other side to accept the services and pay for them. Such contract may be in writing or it may rest entirely in parol, and it may be proved by direct or indirect evidence, but, to entitle the plaintiff to recover, the contract must be established by clear and convincing proof. *Hinkle et al., Exrs.,* v. *Sage,* 67 Ohio St., 256, 65 N. E., 999, and *Merrick* v. *Ditzler,* 91 Ohio St., 256, 110 N. E., 493.

The policy in Ohio with respect to the right of recovery against the estate of a deceased parent by a child who lived in the parent's home up to the time of the parent's death is as definitely stated and settled as it well could be, and no sound reason appears why these principles should be varied. *Lemunyon* v. *Newcomb, Exr.,* 120 Ohio St., 55, 165 N. E., 533.

We note that the last item in the account contained in the petition was a $55 item for meals furnished and services rendered between the time of the death of C. Louisa Scheetz and the funeral. We are of the opinion that a different rule applies to this item; that a different degree of proof is required; that this item could be proved by an implied contract; and that it would not be necessary in order to recover for this item to prove an express contract. However, the verdict in this case was a general verdict in the sum of $571.33, and from the record before us we have no means of knowing whether the jury in their finding intended to allow this item *in toto* or in part. Had proper interrogatories been submitted to the jury, or if we could determine from the record what amount was intended for this service, the sum would be allowed. So considering the state of the record before us, we are not at liberty to allow this item, notwithstanding the fact we are of the opinion that there could be a recovery for the same upon an implied contract. It therefore follows that the finding and judgment of the court below will be, and

the same is hereby, reversed, and the cause remanded to the court below for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHERICK, P. J., and MONTGOMERY, J., concur.