**CORBIN v BORT, Exrx.**

Ohio Appeals, 2nd Dist, Franklin Co

No 3278.   Decided Jan 2, 1941

Horace S. Kerr, Columbus, for plaintiff-appellee.

R. W. Kilbourne, Columbus, and C. L. Corkwell, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court in behalf of plaintiff in the sum of Seven Hundred Eighty and No/100 Dollars ($780.00) and costs.

Seven errors are set out in the assignments of error, but in the brief of defendant but two of these are urged.

(1). Error in the charge of the court.

(2.) Misconduct of counsel for the plaintiff during the trial of the cause.

The action was in quantum meruit for services, namely, room, board, lodging, and laundry, alleged to have been provided for defendant's decedent during his lifetime from January 1, 1933, to January 1, 1939, at $15.00 per week. The amount prayed for was $4680.00 and it was averred that a claim for that amount had been presented to the executrix and payment refused. The answer admits the presentation of the claim to the executrix and refusal to pay the same, denies all other allegations of the amended petition and specifically denies that the services were furnished to defendant's decedent; that there was any agreement on his part

to pay for such services, if rendered, and denies any indebtedness whatever to the plaintiff.

Upon issues drawn the cause was presented to a jury, which returned a verdict in behalf of plaintiff in the sum heretofore stated, upon which verdict the trial judge entered judgment after overruling defendant's motion for new trial.

The trial judge in the general charge said to the jury:

"An implied contract may be proven by proof of circumstances from which we may determine that a contract should have been made or that a contract actually was made. Now, they do not have to prove that there was a contract, but prove such facts and circumstances that would warrant you in coming to the conclusion that there must have been an agreement, and ordinarily where a person receives board and lodging, a person not a member of the family receives board and lodging and other services in connection therewith, the law ordinarily implies that there was an expectation that these services should be compensated and if, in this case, you find that the plaintiff has shown by a preponderance of the evidence that such services were rendered, that justice requires that a contract should have been made or was made or that there was an expectation of pay for those services, then you may come to the conclusion or you may find that there was an implied agreement to pay for those services, * * *."

It is the claim of the defendant that the record required the conclusion that there was a family relationship existing between plaintiff and defendant's decedent and that, either the issue whether or not such relationship existed should have been submitted to the jury, or, that it should have been determined by a court as a matter of law that such relationship existed and the jury should then have been told that it was incumbent upon the plaintiff to prove an express contract to pay

for such services and the proof thereof should be by clear and convincing evidence.

The trial judge evidently determined that there was no fact appearing in the record upon which reasonable minds could differ as to the relationship existing between the parties and that he was required to say as a matter of law that defendant's decedent was not a member of plaintiff's family.

In this conclusion we are ▮▮▮▮▮▮▮▮ satisfied the trial judge was correct. We are cited to **Vol. 42, §§12, 13, and 14, O. Jur., Work, Labor, Etc., p. 493,** but are unable to find any principle announced in any of the adjudications cited under the quoted text which would make an issue in this case whether or not defendant's decedent was a member of plaintiff's family.

Plaintiff lived at home with several sons and a daughter. She was employed as a waitress at the Deshler-Wallick Hotel. Defendant's decedent was an adult employed as a baker at the Deshler-Wallick and worked from 3 o'clock in the morning until about noon. During the period covered by the amended petition the testimony of plaintiff's witnesses was to the effect that defendant's decedent roomed and took his evening meal regularly at plaintiff's home; that he would, almost without exception, eat a snack when he came from work in the afternoon and many times a light breakfast before he went to work in the morning. During much of the time that he was at plaintiff's home his laundry was done there. It was testified that he freely occupied the whole house during the period that he lived there. There was no relationship by blood or intermarriage between plaintiff and defendant's decedent nor between him and any member of her family. There was considerable testimony to effect that Mr. Zschach had promised plaintiff that he would leave her money by will, but he died without having made any provision for her in a will. It also appears that the plaintiff and Mr. Zschach kept company with each other

and some indication that they may have intended to be married.

In the cases cited to support the text referred to and quoted in appellant's brief the relationship in every instance can be differentiated from that appearing here. In **Brown v Farr, 19 O. C. C. (N.S.) 578; Baker v Kimball, 26 Oh Ap 145; Ambler v Chapman, 22 O. C. C. (N.S.), 458,** the plaintiff in each instance had been taken as a child from a Children's Home with the understanding that he or she should be treated as one of the family, given education, furnished with board, clothing and room and retained that status until he or she reached the age of maturity and continued in the home as before. In this situation the courts held that there was a family relationship established which continued and existed when the services were performed upon which the actions were based.

In re **Wood, 21 O. C. C. 753,** the plaintiff who sought to recover was a son. In **Anderson, Exr. v Houpt, 43 Oh Ap 538,** there is not enough of the facts appearing to determine upon what basis the court held that there was a family relationship existing between the parties.

We find no error in the charge in the particular in which it is challenged. The court charged that the burden of proof was upon the plaintiff to prove an implied agreement to pay for services by a preponderance of the evidence. If no family relationship exists this is the burden of proof which is upon the plaintiff. **Pelzer v Woolley, Admr., 16 Oh Ap 328.**

There is general discussion in the brief of appellant of testimony in the record wherein it appears that Mr. Zschach had on many occasions expressed the purpose to remember plaintiff in his will; that he would take care of her in his will and one witness said that, as he remembered it, Zschach said that he would leave her $3,000.00. This is made the predicate for the application of the law as announced in Anderson, Exr. v Houpt, supra, and particularly Syl. 1, thereof:

"Where expectation of legacy for services rendered arises from gratuitous services, there can be no recovery."

This pronouncement was made in conjunction with the determination that the parties stood in family relationship to each other, in which event the services are presumed to be gratuitous. When this relationship does not appear the presumption is to the contrary, namely, that the one who performs them is to be paid therefor. Of course, it was necessary in this case, as the court charged, that an implied agreement appear from all the circumstances and it was, therefore, made an essential, and, if it did not appear the plaintiff could not recover. If one renders services to another under circumstances which require the implication they are not gratuitous and if the amount to be paid therefore is not fixed and the person for whom they are rendered indicates orally that he will leave a legacy to the other and fails to do so, this has always been recognized as a basis for an action in quantum meruit. The obvious basis for the action is that there was an understanding or oral agreement that the one who received the services would pay for them in the form of a bequest. Having failed to do so in the manner indicated, his estate cannot be heard to say that, because of his failure to pay in form as he promised, payment will not be made in any manner. The principle is well recognized and announced in **41 O. Jur. 272, 3; Walters, Admr. v Heidy, 1 Oh Ap 66; Martin v Dickey, 9 Abs 500** (this court).

The next assignment of error is directed to observations of counsel for plaintiff during his argument to the jury. We have carefully examined the statements to which objections were made and find that the court in all instances properly ruled and in the general charge cautioned the jury that they should only consider argument as properly made which referred to testi-

mony offered in the case. It does not appear that the statements in themselves were so improper as that they could not be taken care of by the rulings and the admonition which the trial judge gave to the jury.

An examination of the record in its entirety in the light of the errors assigned requires us to say that no error to the prejudice of defendant's rights intervened in the trial of the cause. The judgment will, therefore, be affirmed.

GEIGER & BARNES, JJ., concur.