## SCHIEVE, Plaintiff-Appellee, v SILVER, EXR., Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20409. Decided June 16, 1947.

NICHOLS, J, of the Seventh District; DOYLE, J, and STEVENS, J, of the Ninth District, sitting by designation in the Eighth Appellate District.

Harry R. Scobie, Cleveland, and Walter Boote, Cleveland, for plaintiff-appellee.
Howard D. Burnett, Cleveland, for defendant-appellant.

## OPINION

PER CURIAM:

This action was brought against Robert Silver, Executor of the Estate of Katherine Schwappler, deceased, by Elizabeth Schieve. It was claimed by the petitioner that she was entitled to pay for work, labor and nursing services rendered the defendant's decedent during her lifetime, under an express oral contract with the defendant's decedent. In addition, payment was sought for board and room under the contract. The answer denied the contract and the indebtedness and specifically pleaded "that the relationship of this plaintiff and the said decedent was a close and consanguineous relationship and the said parties were living at the time or times in a family relationship." The reply denied a "family relationship" and asserted that "the deceased * * * was making her home with the plaintiff for the express reason that she had no other place to go because of her physical condition."

Judgment was rendered for the plaintiff upon the verdict of a jury. The appeal to this court is from that judgment.

1. The petition alleged an express contract for the services for which payment was sought. The court charged the jury that before the plaintiff could recover, an express contract must be proven by "clear and unequivocal" evidence and conversely "that if she has failed to prove to you by clear and unequivocal testimony that such an express agreement or contract, by and between Katherine Schwapper and herself, did exist, then your verdict would be one for the defendant."

Under the allegations of the petition and the denials in the answer, and the presentation of the issues thus made to the jury, the question of "family relationship" was of no importance. This for the reason that the plaintiff was entitled to recover if she proved by clear and convincing proof that services were rendered defendant's decedent under an express oral contract with her, whether a family relationship existed or not.

**Hinkle et, Executors v Sage, 67 Oh St 256.**
**Merrick v Ditzler, 91 Oh St 256.**

It thus follows that the manner of presentation of the case to the jury does not present error which could be prejudicial to the rights of the defendant.

We have heretofore stated that the manner of presentation of the issues and the quantum of proof required was not prejudicial to the rights of the defendant. In this connection we observe, however, that reasonable minds could conclude only from the evidence that a "family relationship" as that term is used in cases of this character, did not exist and therefore the quantum of proof required to prove an express oral contract was, by a preponderance only. And the fact that the court placed a heavier burden of proof upon the plaintiff could not be prejudicial to the defendant.

2. It is further claimed that the court erred in its refusal to submit to the jury "special interrogatories" requested by the defendant.

The requested interrogatories, as they are shown copied into the bill of exceptions, do not appear to have been requested separately or independently of each other. They appear as a series. Under such circumstances they must all stand or fall together.

Klein v Goldstein, 14 O. C. C. (N. S.) 586.

The first requested interrogatory, if standing alone, would be entirely proper. However, others in the series were not proper and the court did not err in refusing to submit them as presented.

3. Examination has been made of the other errors assigned and we find none of a prejudicial nature.

4. We find that substantial justice has been accomplished in this case.

The judgment is affirmed.

NICHOLS, J, DOYLE and STEVENS, JJ, concur.