BEMIS, APPELLANT, *v.* BEMIS, EXRX., APPELLEE.

(No. 4247—Decided February 2, 1948.)

*Messrs. Taylor, Cruey & Kelb,* for appellant.
*Messrs. Welles, Kelsey, Fuller, Cobourn & Harrington,* for appellee.

CONN, J.  The Common Pleas Court entered judgment in this case for defendant on her motion for judgment on the pleadings. Plaintiff appealed on questions of law. The pleadings consist of the petition, amended answer and reply. It is alleged in the motion "that upon the statements in the pleadings herein, defendant is entitled by law to a judgment in her favor."

A motion for judgment on the pleadings is analogous to a general demurrer. The issue raised is one of law and goes to the substance of the pleadings. Under

the situation present in this case, it becomes expedient to examine the pleadings with a degree of liberality in favor of plaintiff and at the same time indulge every reasonable inference that may arise in his favor as to their sufficiency.

It is alleged in the petition that William R. Bemis, in his lifetime, was the owner of a lumber business consisting of buildings, sheds, equipment, merchandise and certain real estate; that prior to April 1, 1934, plaintiff was the owner of a valuable trucking business in Toledo from the earnings of which he supported his family; that on or about such date plaintiff entered into a contract not in writing with William R. Bemis, by the terms of which William R. Bemis agreed to pay plaintiff one-half the profits of the lumber business during the lifetime of William R. Bemis, and to give, devise and bequeath by last will and testament the lumber business, in consideration of plaintiff devoting his full time to the lumber business and relinquishing the trucking business in which he was then engaged.

It is further alleged that pursuant to such agreement, plaintiff did devote all his time to the lumber business for more than $11\frac{1}{2}$ years and continued to do so until after the death of William R. Bemis and has fully performed the contract; that plaintiff received certain profits from the business from time to time, but that the amount received was less than half of the profits thereof and that his services over such period had a reasonable value of more than $35,000.

It is alleged also that William R. Bemis failed to give, devise and bequeath the lumber business to plaintiff by last will and testament, but on October 16, 1942, by his will, devised and bequeathed the lumber business, one-half to plaintiff and one-half to Katherine Bemis, his widow, and that there is due plaintiff

the sum of $20,000 for which he prays judgment.

Defendant, in her amended answer, admits, among other things, that William R. Bemis in his lifetime was the owner of the lumber business referred to in plaintiff's petition and that the property and business were devised and bequeathed as alleged by plaintiff; that plaintiff is a son of William R. Bemis; that plaintiff performed some services for his father at the lumber yard, for which he was paid the sum of $7,202.68; and that neither she as executrix nor the estate of William R. Bemis is indebted to plaintiff in any sum whatsoever. The amended answer of defendant contains also a general denial.

In plaintiff's reply to the amended answer of defendant, it is alleged that he had reached his majority in the year 1917 and was fully emancipated by his father; that he had not lived with his father as a member of his father's household or family since about the year 1929; that, excepting the payments made to him from the lumber business, his father had contributed nothing toward plaintiff's support or the support of his family since that date; and that at the time of making the agreement and many years prior thereto and at all times thereafter, plaintiff maintained his own home independent of the home of his father.

The foregoing recital of the material allegations of the pleadings discloses that issues of fact are raised thereon. It follows that defendant's motion for judgment should have been overruled, unless upon the issuable facts plaintiff was not entitled to recover as a matter of law.

It is contended by the defendant that "the relationship of father and son is in and of itself so close that no further factors need be present to establish a family relationship," and that "it is immaterial whether

they reside in the same household or not or whether the services were of a personal or domestic nature. The allegation of an unenforcible oral contract to will property does not fulfill the requirement of an express contract, inasmuch as the action must be upon an enforcible express contract.''

Opposed to this view is the claim of plaintiff that the family-relationship doctrine has no application to this case for the reason that the son maintained a home for his family separate from and independent of his father's home, and that since he does not rely on an implied contract, the family-relationship doctrine is no bar.

It is clear that the agreement relied on by plaintiff, not having been in writing, is within the statute of frauds and that no action can be maintained thereon either for specific performance or for damages. However, the statute, being procedural in its application, does not render a contract void or illegal, but its true construction is to render the kind of evidence required indispensable when it is sought to enforce it. 2 Williston on Contracts, 1517, Section 527; 19 Ohio Jurisprudence, 655, Section 144.

The well known case of *Hinkle et al., Exrs.*, v. *Sage*, 67 Ohio St., 256, 65 N. E., 999, has received much consideration by both plaintiff and defendant. As pointed out in the opinion, that case turned upon the charge of the Common Pleas Court to the jury. That part of the charge pertinent here is as follows:

''The plaintiff cannot recover in this cause unless you find from the evidence that there was an express contract between her and the decedent providing that she should be paid for her services.''

The jury returned a verdict for the defendant and judgment was entered. On error to the Circuit Court, that judgment was reversed.

In the *Sage case,* it clearly appeared that the services rendered by claimant, Mrs. Corwin Sage, whose husband was the son of George R. Sage, the decedent, were personal services as housekeeper and nurse, and that those services were performed while claimant and her husband lived with George R. Sage as members of his household. We quote from the opinion of the court on page 262:

"* * * and that from 1890 the family consisted of decedent and his wife, the plaintiff and her husband. So that, without regard to the finding of the jury, the family relationship of the plaintiff and the decedent, and the dependency of her and her husband is incontrovertible. Under such circumstances, where compensation for services is claimed from the head of the family, or his estate, the law does not imply a promise and no recovery can be had unless an express contract is shown."

The law of that case is stated in the syllabus as follows:

"1. In an action to recover compensation for services, when it appears that the plaintiff was a member of the family of the person for whom the services were rendered, no obligation to pay for the services will be implied; and the plaintiff cannot recover in such case unless it be established that there was an express contract upon the one side to perform the services for compensation, and upon the other side to accept the services and pay for them.

"2. Such contract may be in writing or it may rest entirely in parol, and it may be proved by direct or indirect evidence; but to entitle the plaintiff to recover, the contract must be established by clear and unequivocal proof." See, also, *Thompson* v. *Jones,* 13 C. C. (N. S.), 493, 23 C. D., 182; 42 Ohio Jurisprudence, 497, Section 14.

The family-relationship doctrine announced in *Hinkle* v. *Sage,* with some deviation, has been followed in an unbroken line of decisions by the courts of this state, except as to the quantum of proof. (*Merrick* v. *Ditzler,* 91 Ohio St., 256, 110 N. E., 493.) This doctrine, however, is limited in its application to those cases wherein it is disclosed that the claimant is "a member of the family of the person for whom the services were rendered," that is, where claimant and the person against whom the claim is made are members of the same household. It follows that where the parties do not live together as one household with reciprocal rights and duties, or where the claimant relies on an express contract, all of which appears on the face of the pleadings in the instant case, the rule in *Hinkle* v. *Sage* does not circumscribe the right of recovery. 42 Ohio Jurisprudence, 499, Section 17.

It may be observed further that the "opportunity for fraud" and the "temptation to perjury," to which defendant calls attention, are not augmented by the factual situation disclosed in the pleadings, for the reason that plaintiff relies on an express contract, and, upon the issues arising, his evidence must be clear and convincing. In other words, plaintiff's right of recovery under the pleadings is not limited by the fact that the alleged contract was entered into with his father. He stands before the law in this respect equal with a stranger and with rights undiminished by the fact of his relationship. *Pelzer* v. *Woolley, Admr.,* 16 Ohio App., 328; *Struble, Admr.,* v. *Struble,* 42 Ohio App., 353, 182 N. E., 48; *Sokolowski* v. *Lucey,* 47 N. E. (2d), 627; *Thompson* v. *Jones, supra.*

Having alleged an express contract, but one not enforcible under the statute of frauds, is plaintiff entitled to recover on *quantum meruit* the fair and rea-

sonable value of his services? Under the authorities it appears that the answer to this inquiry must be in the affirmative. In the instant case, it is alleged that plaintiff has fully performed his undertaking. From facts and circumstances of this character, a quasi-contract arises and the law implies a promise to pay the fair and reasonable value of the services rendered. This rule of law has wide recognition and has been applied in numerous instances where there has been a breach of an oral contract to leave property by will as compensation for services rendered by permitting a recovery of the fair and reasonable value thereof. *Towsley* v. *Moore*, 30 Ohio St., 184, 27 Am. Rep., 434; *Hummel* v. *Hummel*, 133 Ohio St., 520, 14 N. E. (2d), 923; 41 Ohio Jurisprudence, 272, Section 15; 12 American Jurisprudence, 502, Section 6; 17 Corpus Juris Secundum, 322, Section 6.

It is our opinion that plaintiff has pleaded a cause of action, and that the judgment of the trial court should be reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

CARPENTER and FESS, JJ., concur.