## MERRICK, Deceased, Estate of, In re.

Probate Court, Clinton County.

No. 11273.   Decided December 8, 1955.

## OPINION

By PUSATERI, J.

The problem presented in this matter briefly stated, is as follows: A stock certificate duly indorsed by the owner (decedent herein) of record thereof some twelve years prior to her death; no delivery of said certificate ever having been made to the indorsee thereof although he was well aware that the indorsement had been made; the administrator of the estate of the indorser found said certificate in decedent's safety deposit box and properly included it in the inventory and appraisement of decedent's estate; the indorsee of said stock certificate filed exceptions to the inclusion of said stock certificate in said inventory and appraisement, basing his exceptions solely on §1705.13 R. C.; said indorsee does not claim said certificate by reason of a gift, inasmuch as he cannot show actual delivery.

At first blush it was the opinion of this Court that determination of this matter based on the statute relied upon by the exceptor herein, was a matter which should have been brought in some other manner in some other court. However, upon further consideration, this Court has concluded that the inclusion or exclusion of any item of property in an estate is, and should be, the proper determinal function of a Probate Court.

This Court, after a thorough search, can find no reported Ohio decisions interpreting or dealing with §1705.13 R. C. Therefore, it appears that virgin territory must be explored in order to properly determine this matter.

A close reading of the aforementioned §1705.13 R. C. leads this Court to the opinion that said section applies specifically to the factual situation as presented herein. There can be no doubt but what the indorsing of the stock certificate by the owner thereof, said indorsement never having been "undone" by the indorser, was an attempted transfer of title; it is admitted that no delivery was made; which brings us to the final requirement of §1705.13 R. C., namely that such a situation "* * * shall have the effect of a promise to transfer, after the obligation, if any, imposed by such promise shall be determined by the law governing the formation and performance of contracts." It would seem therefore that this matter boils down to one question, namely, was there a contract upon which to rest the obligation mentioned in §1705.13 R. C.?

Certainly nothing in the record indicated any written contract between the indorser and the indorsee herein. Further, the Court does not

believe that any specific oral contract existed between the indorser and the indorsee. However, it is the opinion of this Court that an implied contract did exist between the indorser and the indorsee and that said implied contract evolved from the allowance by the indorsee of the rent free use of his property by the indorser and the indorsement of the stock certificate by the decedent indorser.

The Court is well aware of the long standing rule of Ohio case law to the effect that in order for a relative of a decedent to be compensated for services performed by said relative for said decedent during his lifetime, a contract, either written or oral, must be shown by clear and convincing evidence. However, the reply brief presented to the Court on behalf of the exceptor herein, contains a very exhaustive collection and study of Ohio cases dealing with the above mentioned case law rule. Further study by this Court indicates that in all of the Ohio cases following said rule (laid down in **Hinkle v. Sage, 67 Oh St 256**) the relative of the decedent lived in decedent's household as a member of decedent's "family group." The only exception to this is the case pointed out by exceptor's reply brief, namely, **54 Oh Ap 303** wherein the Court held that even though the relative had not lived in decedent's home or "family group" while performing the services, the fact that said relative was the son of decedent was such a strong factor as to be determinative. In the instant case the relative is a nephew of the decedent, not living in the "family group" of the decedent, but in fact living in another state.

In **Hinkle v. Sage, 67 Oh St 256 at page 262,** the Court put in a brief and clear manner the basic reason for its decision, when it stated "Cases of this kind are odious and are not favored by the courts because they afford opportunity for fraud against the estates of deceased persons and great temptation to perjury, by disappointed or avaricious relatives. Hence the courts exact clear and unequivocal proof of an actual agreement upon the one side to perform services for compensation and upon the other side to receive the services and pay for them." This Court whole-heartedly agrees with the reasoning set forth above. However, in the instant case we have an entirely different situation. It is not necessary to take the sole word of "a disappointed or avaricious relative," for the record herein clearly shows the rent free use of the exceptor-indorsee's property and the indorsing of the stock certificate in question by the decedent indorser, certainly adequate consideration.

This Court therefore concludes that the fact situation presented in the instant matter, dovetails in every particular with the provisions of §1705.13 R. C. and for this reason, it is the opinion of this Court that the exceptions filed to the inventory and appraisement herein, are well taken and that the 165 shares of Lavoris Company Stock should be excluded from the inventory and appraisement herein and said stock should be placed in the hands of the exceptor herein, Dr. Wilford Wood.

An entry in conformity with this opinion should be drawn forthwith.