Matthias, J.
The sole issue before this court is whether the petition, construed most strongly in favor of the plaintiff, states facts which show a cause of action.
This is so because the defendant demurred “to the petition of the plaintiff * * * and for grounds therefor says that said petition does not state facts which show a cause of action,” and because Section 2309.09, Revised Code, provides:
“The demurrer shall specify the grounds of objection to the petition. Unless it does so, it shall be regarded as objecting only that the court has no jurisdiction of the subject of the action, or that the petition does not state facts which show a cause of action.”
Defendant argues that the only construction which can possibly be derived from the petition is that plaintiff and deceased entered into an oral agreement to make a will, and that such a contract is not enforceable by virtue of Section 10504-3a, General Code (Section 2107.04, Revised Code), which stipulates :
“No agreement to make a will or to make a devise or bequest by will shall be enforceable unless such agreement is in writing, signed by the party making it or by some other person by his express direction, in which latter case the instrument must be subscribed by two or more competent witnesses who heard such party acknowledge that it was so signed by his direction. ’ ’
Such contention, however sound the principle of law attendant thereto, is without merit with respect to the instant case, for we perceive that a fair construction of the petition indicates not that plaintiff and decedent entered into a contract to make a will, but that “on or about the first day of November 1935” plaintiff and decedent entered into a contract for the payment *197 of money, one of the terms of which is that upon performance by the plaintiff payment would be made at the death of the decedent. And, although the facts are entirely dependent upon proof, it may be inferred that the petition assumes completion of the contract and a concurrent obligation in praesenti upon the decedent for the payment of a sum of money, prior to his death, although such payment was deferred, according to the terms of the agreement, until his death.
The Supreme Court of California, considering a similar fact situation in Patterson v. Chapman, 179 Cal., 203, 176 P., 37, 2 A. L. R., 1467, stated, as follows, the rule which has the support of preponderant authority:
“If the instrument created a debitum in praesenti, an obligation existing in the lifetime of the obligor, the fact that it is not to be discharged until after * * * (the obligor’s) death renders it none the less enforceable as a demand against his estate.” See, also, Estate of Howe, 31 Cal. (2d), 395, 189 P. (2d), 5, 1 A. L. R. (2d), 1171; and Ohio Wesleyan Female College v. Higgens, Exr., 16 Ohio St., 20.
It is to be noted, however, that the authorities above cited and others read by this court uniformly deal with instruments creating the obligation in praesenti which is to be discharged at or after the death of the obligor, whereas the petition in question specifically sets out as the basis for this cause a “verbal agreement. ’ ’
In our opinion, however, the fact that the contract sued upon is an oral rather than a written agreement is immaterial to the question at hand, i. e., whether a cause of action is stated in the plaintiff’s petition.
The petition alleges that “payment was to be made to her for such services at the time of his [decedent’s] death out of his estate,” and this must be considered admitted for the purpose of the demurrer.
The cases dealing with the question turn not so much upon the fact that the contract alleged is in writing, but upon the validity of the contract and its contractual as opposed to its testamentary nature.
If the plaintiff in this action is able to prove that she entered into and fulfilled her part of an oral contract for the pay *198 ment of money entered into with decedent prior to his death, which imposed upon decedent a “debitum in praesenti,” a present obligation to pay ‘ ‘ at the time of his death, ’ ’ then we see no reason why she should be less able to collect such obligation than a person in similar circumstances who happens to hold a written contract or a promissory note, the determining factor being the validity and terms of the agreement rather than its form.
If it be said that such a ruling opens the doors of the courts to possible fraudulent claims against the estates of deceased persons, we need only to refer to Section 2317.03, Revised Code, and the case of Lemunyon v. Newcomb, Exr., 120 Ohio St., 55, 165 N. E., 533, to see that adequate safeguards have been supplied to forestall such a threat.
Suffice it to say here that in an action against the executor or administrator of a decedent’s estate to subject the estate to the payment of a claim, where the petition alleges that there is an oral contract between the plaintiff: and the decedent, and where the contract as alleged indicates that it created a monetary obligation of the decedent existing in his lifetime, although such obligation was not, by the terms of the contract, to be discharged until at or after the death of the decedent, such petition does not allege a contract to make a will, within the meaning of Section 10504-3a, General Code (Section 2107.04, Revised Code), and states facts sufficient to show a cause of action.
The Court of Appeals having so found, its judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.