EVANS ET AL., APPELLEES, *v.* McINTURFF, EXR., APPELLANT.

(No. 155—Decided June 3, 1960.)

*Mr. Clifford R. Wagner* and *Mr. James R. Goslee*, for appellees.

*Mr. Richard P. Faulkner*, for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment entered on a verdict rendered in favor of plaintiffs in an action filed against the estate of Gertie Blanche Newbold, deceased, to recover for personal services alleged to have been rendered by the plaintiffs to the decedent at her special instance and request.

For his first defense the defendant raised the statute of limitations, which resulted in the exclusion of that part of the claim which was beyond the six-year period. For a second defense the defendant pleaded a general denial.

The defendant, the executor of the estate, assigns as error: Overruling defendant's motion for directed verdict; the verdict and judgment are contrary to law; the verdict and judgment are not sustained by the evidence; and other errors appearing on the face of the record.

In their briefs, counsel have discussed the assignments of error collectively. This court does likewise. The determination of this case turns on the sufficiency of the evidence.

The record shows that the plaintiffs resided next door to the decedent, who was an elderly person living alone; that plaintiffs for many years rendered valuable services to the decedent; that no express contract was proven; and that the plaintiffs were not related by blood or marriage to the decedent.

Under the evidence, if the plaintiffs are permitted to recover it must necessarily be on the theory of an implied contract. The court instructed the jury fully on the elements of an implied contract.

The defendant contends that the plaintiffs only acted as good neighbors to the decedent; that they never expected to receive compensation for the services rendered; that the plaintiffs were disappointed in that the decedent failed to leave a legacy to the plaintiffs' daughter; and that the idea that the plaintiffs were to be compensated originated after the decedent failed to reward them by will.

Under the "dead-man's" statute, the plaintiffs were not permitted to testify. The plaintiffs experienced the usual difficulty in presenting a case of this nature. However, several witnesses called by the plaintiffs testified that the decedent indicated that plaintiffs were to be paid. There is ample evidence to support the claim of plaintiffs that the services were rendered at the request of the decedent. There is evidence from which the jury had a right to draw the inference that plaintiffs expected to be compensated. The record shows that the plaintiffs began to render services and continued to render the services, and that the decedent continued to request said services and to accept the services rendered, with little appreciation of their legal rights or liabilities. The parties having acted without the advice of counsel, the factual issues are to be resolved more by the conduct of the parties than by the spoken word. Whether plaintiffs rendered the services gratuitously or expected to be compensated was a question of fact to be determined by the jury. The jury resolved this issue in favor of plaintiffs. We cannot say that reasonable minds could not differ on this factual issue. There was sufficient evidence which warranted a submission of the case to the jury.

A recovery on the basis of quantum meruit is supported by *Corbin* v. *Bort*, 33 Ohio Law Abs., 487, 35 N. E. (2d), 984 (Second Appellate District Court of Appeals), where the factual development was similar to the facts in the instant case.

The third and fourth paragraphs of the headnotes are as follows:

"3. In the absence of a family relationship, the presumption is that one who performs services for another is to be paid therefor.

"4. If one renders services to another under circumstances which require the implication they are not gratuitous, and if the amount to be paid therefor is not fixed and the person for whom they are rendered indicates orally that he will leave a legacy to the other but fails to do so, payment for such services may be recovered in an action in quantum meruit."

We find no assignment of error well made.

*Judgment affirmed.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.