OPINION
This is an appeal from the Court of Common Pleas of Licking County, based upon an adverse ruling as to a claim for services provided by appellants, Allen B. Kenny and his wife, Carolyn S. Kenney, to the deceased, Lorena Jagger. Allen B. Kenney was the nephew of Lorena Jagger. During early adulthood, Allen B. Kenney lived with Lorena Jagger and her husband. Allen Kenny did not reside with Lorena Jagger during the period of time which is the subject of this claim. David dagger, predeceased his wife.d Thereafter, until Lorena Jagger entered a nursing home on April 2, 1998, appellants provided numerous personal services for her. These services took place over a five to six year period. Lorena Jagger's death occurred on November 27, 1998. Prior to her death, Mrs. Jagger had indicated an intention to provide for appellants in her will, and did so, but later altered such provision by codicil. A claim for the reasonable value of the services was presented to the executrix (appellee) and was rejected. In this action on the rejected claim appellants present a single Assignment of Error:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO APPLY THE QUANTUM OF PROOF OF A PREPONDERANCE OF THE EVIDENCE AND, BASED UPON THE FACTS DETERMINED AT TRIAL, FINDING FOR THE APPELLANTS ON THEIR CLAIMS
 I
The Assignment of Error is predicated upon the fact that the Court based its decision on a clear and convincing standard rather than proof by a preponderance of the evidence. In Hinkle v. Sage (1902),67 Ohio St. 256 the Ohio Supreme Court held:
 1. In an action to recover compensation for services, when it appears that the plaintiff was a member of the family of the person for whom the services were rendered, no obligation to pay for the services will be implied; and the plaintiff cannot recover in such case unless it be established that there was an express contract upon the one side to perform the services for compensation, and upon the other side to accept the services and pay for them.
 2. Such contract may be in writing or it may rest entirely on parol, and it may be proved by direct or indirect evidence; but to entitle the plaintiff to recover, the contract must be established by clear and unequivocal proof.
In Merrick v. Ditzler (1915), 91 Ohio St. 256, the Court extended the Hinkle holding by requiring that proof be established by clear and convincing evidence. This has become known as the "family member" rule. The Sixth District Court of Appeals in Sabin v. Graves, Exr. (1993),86 Ohio App.3d 628 followed Hinkle and held: Rendering of services between family members is presumptively gratuitous; however, a family member may recover in quantum meruit for services he rendered to another family member, based on quasi-contract theory, where an unenforceable express oral contract to leave property by will is shown to exist.
Family member seeking recovery for services rendered to another family member must establish, by clear and convincing proof, either by direct or indirect evidence, the existence of actual contract between the family members.
In the third Assignment of Error of a Third District Court of Appeals case entitled: In the Matter of the Claim of Wilma and William Lichtle against the Estate of Leo F. Evers, deceased 1987WL13064 (Ohio App.3 Dist.) the identical error as to the required proof was raised as in the case sub judice. Such case also alleged that the deceased was to provide for the family-member appellants by will and failed in this regard. The Court followed Hinkle and Merrick, and held that the family rule required proof by clear and convincing evidence. This Fifth District Court in Scheetz v. Scheetz (1933), 47 Ohio App. 37 held: To authorize recovery for services rendered by one member of a family to another member of a family, express contract must be established by clear and convincing proof.
In the dicta of such case, the Court commented on family members living together.
In Kroeger v. Ryder (1993), 86 Ohio App.3d 438 and Schieve v. Silver (App. 1947), 49 Ohio Law Abs. 123, the Courts defined "family member" as those relatives residing with the deceased. The facts in the Kroeger case involved a specific promise by the deceased to pay for services provided but was prevented by death in accomplishing such. However, the Court examined the two premises underlying Hinkle, i.e. (1) mutuality of benefits and interdependence, and (2) reciprocal kindness present between family members leading to an inference of gratuitous services. The question therefore becomes the definition of "family member" as referenced in Sage as requiring clear and convincing evidence supporting a contractual arrangement, express or implied. The Court in Kroeger reviewed pertinent cases on the meaning of the "family rule". It's conclusion that family membership referred to household residence in Lemunyon v. Newcomb (1929), 120 Ohio St. 55 is not well taken in that such case dealt with the denied testimony of the daughter-appellant rather than the fact that she resided with her father. However, such Court was correct in stating:
 [4] * * * Although some cases have held that the relationship of parent and child is so close as to destroy any presumption that services rendered by the one to the other were paid for, whether they reside in the same household or not, see e.g., Sokolowski v. Lucey (Ohio App. 1941), 47 N.E.2d 627, 630; Woods v. Fifth-Third Union Trust Co. (1936), 54 Ohio App. 303, 305, 7 O.O. 210, 211, 6 N.E.2d 987, 988; 66 American Jurisprudence 2d, supra, at 989, Section 46; Annotation, 7 A.L.R.2d, supra, at 88, Section 31, the vast majority of cases hold that any relationship more remote than parent and child, including the relationship of brothers and/or sisters, will not destroy the presumption of payment for services rendered unless the related parties were living together in the same household as members of the same family while the services were rendered. Corbin v. Bort (App. 1941), 33 Ohio Law Abs. 487, 489, 35 N.E.2d 984, 986; Hoel, supra, 20 Ohio Law Abs. at 377; Price v. Taylor (App. 1931), 12 Ohio Law Abs. 621, 625-626; Marshall v. Vollrath (App. 1925), 3 Ohio Law Abs. 258; Thompson v. Jones (1910), 13 Ohio C.C. (N.S.) 493, 494, 23 Ohio C.D. 182, 183; 18 Ohio Jurisprudence 3d (1980) 253, Contracts, Section 328; 66 American Jurisprudence 2d, supra, 999, Section 53; Annotation, 7 A.L.R.2d, supra, at 103, Section 35.
 [5] Where there was no such a family relationship between a plaintiff and a decedent while the latter was living, the general rule in civil cases prevails and the claim of the existence of a contract to pay for the services provided must be established by a preponderance of the evidence. Schieve v. Silver (App. 1947), 49 Ohio Law Abs. 123, 125, 75 N.E.2d 104, 104; Corbin, supra, 33 Ohio Law Abs. at 489, 35 N.E.2d at 986; Price, supra, 12 Ohio Law Abs. at 625; Marshall, supra, 3 Ohio Law Abs. at 259; Pelzer v. Wooley (1922), 16 Ohio App. 328, 329-330.[2]
This Court determines that the requirement of poof by clear and convincing evidence is not required in the case sub judice as appellants were not family members of the deceased, since they were not residing with her, although Allen Kenny was her nephew. Whether findings of the Trial Court as to skepticism that a contractual intention on the part of the deceased and appellants was lacking, was based upon the higher standard of proof, or not, is to be determined, as the Court did reference "clear and convincing" as the standard of proof. The Trial Court even under a preponderance standard may find a failure of proof. This Court does not herein fail to follow Sage, but agrees with the Kroeger decision as to the definition of "family member". However, we suggest the Ohio Supreme Court re-examine the need for the existence of the "family member" rule in today's society, as the contractual intention still must be established under either standard of proof. Therefore this Court sustains the Assignment of Error and remands this cause to be determined based upon a preponderance standard.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and this matter is remanded to the Trial Court for a determination based on the preponderance standard.
 ___________ Boggins, J.
Gwin, P.J. and Hoffman, J. concur.
[2] There are some cases that intimate that a relative claiming compensation from the estate of a decedent for services rendered must establish his case by clear and convincing proof, even where the decedent and claimant were not members of the same family. In re Merrick (P.C. 1955), 72 Ohio Law Abs. 205, 207, 133 N.E.2d 919, 920; Bemis v. Bemis (1948), 83 Ohio App. 95, 100, 38 O.O. 197, 199, 82 N.E.2d 757, 759-760. * * *